ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney, <br><br> Defendants. | Case No.  3:20-cv-01580-SB <br><br> OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY |

Defendants Schmidt, Multnomah County District Attorney's Office, and Kalbaugh respond to Plaintiff's Motion for expedited discovery, as follows. Because, as more fully discussed in the response to the Motion for Preliminary Injunction, this Court must apply the abstention doctrine espoused in *Younger v. Harris*, 401 U.S. 37, 42 (1971), this Court does not have jurisdiction to hear Plaintiffs' Complaint, and cannot order expedited discovery.

Page 1 -   OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY
           JS/lf1/10449800-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### A. Abstention is mandatory.

Briefly, in *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. 401 U.S. at 43–54. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). When *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. *Colorado Water Conserv. Dist. v. United States,* 424 U.S. 800, 816 n. 22 (1976).

### B. Plaintiffs' discovery requests are unwarranted and overbroad.

In the context of Plaintiffs' pending preliminary injunction motion, expedited discovery may be ordered if "it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (internal quotations and citations omitted). Good cause exists when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations and citations omitted).

But "expedited discovery is not the norm" and, therefore, the moving party "must make some *prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) (emphasis in original). The mere fact that party has moved for a preliminary injunction does not thereby entitle the party to receive expedited discovery. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d at 1066. A court may deny a motion for expedited discovery if a moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of the party's claims. *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, , 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018).

Page 2 -   OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY
JS/lf1/10449800-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

That is precisely what plaintiffs seek to do in their request for expedited discovery. Plaintiffs are seeking to enjoin criminal prosecution arising from their charged violent conduct on May 1, 2019 in violation of ORS 166.015. Generally, as long as the prosecutor has probable cause "to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Plaintiffs have already requested, and received, documents pertaining to their indictments in the pending state action. In this matter, plaintiffs ignore the prosecutor's discretion. They are requesting, among other things, confidential criminal indictments from 2017 to the present regarding persons other than parties to their own criminal action (Requests No. 2, 5 and 6); all communications, other than those pertaining to purely budgetary matters, between the Mayor, the City Council and Multnomah County Commissioners, again from as far back as 2017(Request No. 4); and policy statements not pertinent to their own indictments (Request No, 6).

Plaintiffs wish this court to stop the criminal proceedings against them in state court. But they are not alleging that ORS 166.015 is unconstitutional, nor do they request documents that could prove their innocence. A party's expedited discovery requests should be "narrowly tailored" as not to exceed the minimum information required to advance their lawsuit without prejudicing the defendants. *Arista Records LLC v. Does 1-43*, No. 07CV2357 LABPOR, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007). Plaintiffs' requests are not narrowly tailored. They are so broad as to be impossibly prejudicial to the defendants. They appear simply to expound on their platform about the "General Hateful Climate Against Conservatives in Portland."

Page 3 -   OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY
JS/lf1/10449800-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Case 3:20-cv-01580-SB   Document 20   Filed 09/22/20   Page 4 of 5


Plaintiffs' Motion for Expedited Discovery should be denied.

DATED September  22 , 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.state.or.us
Of Attorneys for Defendants

Page 4 -   OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY
JS/lf1/10449800-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# CERTIFICATE OF SERVICE

I certify that on September __22__, 2020, I served the foregoing OBJECTIONS TO MOTION FOR EXPEDITED DISCOVERY upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| James L. Buchal | ___ HAND DELIVERY |
| MURPHY & BUCHAL LLP | _X_ MAIL DELIVERY |
| 3425 SE Yamhill St., Ste. 100 | ___ OVERNIGHT MAIL |
| Portland, OR 97214 | ___ TELECOPY (FAX) |
| *Of Attorneys for Plaintiffs* | _X_ E-MAIL |
| | ___ E-SERVE |

| | |
|---|---|
| D. Angus Lee | ___ HAND DELIVERY |
| Angus Lee Law Firm, PLLC | _X_ MAIL DELIVERY |
| 9105A NE HWY 99, Suite 200 | ___ OVERNIGHT MAIL |
| Vancouver, WA 98665 | ___ TELECOPY (FAX) |
| *Of Attorneys for Plaintiffs* | _X_ E-MAIL |
| | ___ E-SERVE |

    *s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
JS/lf1/10450911-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000