IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH GIBSON and RUSSELL SCHULTZ**<br><br>                Plaintiffs,<br><br>        v.<br><br>**MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,**<br><br>                Defendants. | Case No. 3:20-cv-01580-IM<br><br>**ORDER ON PLAINTIFF'S AMENDED MOTION FOR EXPEDITED DISCOVERY** |

**IMMERGUT, District Judge.**

　　In this Amended Motion for Expedited Discovery, ECF 12, Plaintiffs seek discovery to support their claims of "bad faith, selective, and retaliatory prosecut[ion]." ECF 1 at 2. In particular, they wish to support their pending Motion for a Temporary Restraining Order and Preliminary Injunction, ECF 5, which asks this Court to prevent Defendants "from continuing

PAGE 1 – ORDER

the selective and bad faith prosecution of Plaintiffs in Multnomah County Circuit Court Case Nos. 19CR53042 and 19CR53035." ECF 5 at 7.

## STANDARDS

Fed. R. Civ. P. 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred," though it can begin earlier if authorized by local rule, order, or stipulation. Fed. R. Civ. P. 26. "This will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction." Fed. R. Civ. P. 26 advisory committee's note.

Ninth Circuit courts "apply the 'good cause' standard in deciding whether to permit early discovery." *Palermo v. Underground Sols., Inc.*, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012). "Good cause exists when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018). Good cause may exist when a party seeks a preliminary injunction or temporary restraining order, but "expedited discovery is not automatically granted" in such a case. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (referring specifically to preliminary injunctions). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 1067 (internal quotations and citations omitted).

## DISCUSSION

PAGE 2 – ORDER

The first issue the Court must address is whether Plaintiffs' claims would constitute an exception to the *Younger* abstention doctrine which mandates that a federal court decline jurisdiction in the face of ongoing state proceedings, such as those here. These exceptions are "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 54 (1971). Finding good cause to expedite limited discovery on this question, this Court GRANTS in part and DENIES in part Plaintiff's Amended Motion for Expedited Discovery, ECF 12, for the limited purpose of determining whether an exception to *Younger* exists in this case.

Specific limitations are imposed as follows.

RFP 1 is DENIED.

RFP 2 is DENIED.

RFP 3 is GRANTED as amended by this Court: All documents constituting, referring or relating to the non-prosecution policy issued by Multnomah County District Attorney Mike Schmidt on or about August 11, 2020, including but not limited to drafts of the policy, emails regarding the policy, memoranda or other documents analyzing the policy, memoranda or other documents concerning the likely impact of the policy, and comments received concerning the policy, including any and all documents that refer to how this policy relates to the prosecution of Joseph Gibson, Russell Schultz, or members of the group known as "Patriot Prayer," as well as any and all documents referring to or relating to retroactive application of the policy, which this Court defines as application prior to Aug 11, 2020, with respect to riot charges pursuant to ORS 166.015.

RFP 4 is DENIED.

RFP 4A is DENIED.

RFP 5 is DENIED.

RFP 6 is DENIED.

Defendants must provide said discovery by October 14, 2020.

**IT IS SO ORDERED.**

DATED this 30th day of September 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER