ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, | Case No.  3:20-cv-01580-IM |
| Plaintiffs, | MOTION TO QUASH DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER |
| v. | |
| MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney, | |
| Defendants. | |

**Motion to Quash FRCP 30(b)(6) Notice and for a Protective Order**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Mike

Schmidt, Multnomah County District Attorney's Office and Brad Kalbaugh, seek an order from

this Court quashing Plaintiffs' Rule 30(b)(6) notice on the grounds that: (1) the topics identified

in the Notice exceed the scope of this Court's order on limited expedited discovery; and (2) the

Page 1 -    MOTION TO QUASH DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER

Notice seeks testimony from Multnomah County District Attorney's Office officials on "discovery on discovery", a topic that is not relevant to the claim or defenses at issue in this case. This Court should, therefore, quash Plaintiffs' Rule 30(b)(6) deposition notice in its entirety, and enter a protective order against a future effort to inquire about discovery on discovery.

A protective order should be granted when the moving party establishes "good cause" for the order and justice requires "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The authority of the Court under Rule 26(c) includes the ability to enter an order "forbidding the disclosure or discovery" altogether. Fed. R. Civ. P. 26(c)(1)(A); see *Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991).

### A. Factual and Procedural Background

Plaintiffs have filed suit seeking a temporary restraining order and injunctive relief from a criminal proceeding in Multnomah County, claiming that the criminal prosecution was brought and continues in bad faith. This Court must decide whether it should proceed on Plaintiffs' claims, when "federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *Younger v. Harris*, 401 U.S. 37, 42-54 (1971). On September 30, 2020, this Court entered an order, allowing for expedited discovery on "the limited purpose of determining whether an exception to *Younger* exists in this case." Order, ECF 32, p.1. Defendants have produced documents and the parties have conferred on the production.

During the production of the electronically stored information, Plaintiffs asserted that attachments referenced in the production were not, in fact, attached, and probably not produced. Defendants investigated and discovered that the electronic transfer between Defendants and their counsel resulted in uneven production of the attachments. The production was re-formatted and is in the process of being produced with all attachments correctly assigned to the referencing documents.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs have now issued a Notice for a deposition pursuant to F.R.C.P 30 (b)(6) on the subject of how electronic data is stored and collected at Multnomah County District Attorney's Office.  The deposition notice exceeds this Court's order on limited discovery, and is not relevant to the issue before the court, which is simply whether an exception to the *Younger* doctrine pertains to Plaintiffs' action.

**B.  Argument**

    **1.  The topics identified in the notice exceed the scope of this Court's order on limited expedited discovery.**

When a party seeks to compel discovery, it first has the burden of demonstrating the relevance of the information to the lawsuit.  *Alexander v. FBI*, 194 F.R.D. 305, 311 (D.D.C.2000).  There is no evidence that questions regarding the "electronic information system" would be in any way relevant to Plaintiffs' claims.  If Plaintiffs wish to know what was searched, Defendants can produce the list of custodians from whom electronically stored documents were sought, and the search terms utilized in conducting the search.  No deposition regarding the computer system, or the logistics regarding the search, is needed.

    **2.  The notice seeks testimony from Multnomah County District Attorneys' Office on discovery on discovery, a topic that is not relevant to the claim or defenses at issue in this case.**

The law is clear that while "discovery on discovery" or "meta-discovery" can be appropriate at times, the circumstances where a court should permit it are narrow, and the moving party must be able to show not just the relevance, but the proportional need to take the discovery based on the claims to be tried.  *See Freedman v. Weatherford Int'l Ltd.*, 12-cv-2121 2014 WL 4547039 *2 (S.D.N.Y. Sep. 12, 2014)("[R]equests for such "meta-discovery" should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum").  A party may conduct discovery on discovery only with the proper showing that the opponent is unlawfully withholding documents that are relevant to the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

case. *Bethea v. Comcast*, 218 F.R.D. 328, 329–30 (D.D.C. 2003); *Larsen v. Coldwell Banker Real Estate Corp.,* 2012 WL 359466, at *7 (C.D. Cal. Feb. 2, 2012).

In the context of computer systems and computer records, inspection or seizure is not permitted unless the moving party can "demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld." *Bethea v. Comcast,* 218 F.R.D. at 329.  A party's suspicion that another party has failed to respond to document requests fully and completely does not justify compelled inspection of its computer systems. *Id; Alexander v. Federal Bureau of Investigation,* 194 F.R.D. 305, 311 (D. D.C. 2000); *Friedman v. Michaels,* 2019 WL 6655266, at *4 (C.D. Cal. Oct. 16, 2019).

### 3. Information regarding the electronic information system utilized by the MCDA's Office is not relevant to the issue of an exemption to the *Younger* doctrine.

Plaintiffs appear to argue that the failure to apply the August 2020 Non-Prosecution Policy to them is evidence of bad faith, sufficient to trigger an exemption to the *Younger* doctrine.  Defendants deny that, and will argue further to the substance of the claim in the briefing regarding the *Younger* doctrine and the doctrine's very limited exemptions.  What is clear, and germane to this Motion to Quash and for a Protective Order, is that requiring a records custodian to appear to answer questions regarding the electronic information system is not relevant to how the Policy was applied, and outside the Order for expedited discovery.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

Defendants request that the Notice be quashed and a Protective Order against future attempts to inquire about MCDA's office's electronic information system be entered.

DATED October __27__, 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____*s/ Jill Schneider*_____
JILL SCHNEIDER #001619
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.state.or.us
Of Attorneys for Defendants

Page 5 -   MOTION TO QUASH DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER