ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney, <br><br> Defendants. | Case No.  3:20-cv-01580-SB <br><br> RESPONSE TO MOTION TO COMPEL |

Defendants Mike Schmidt, Multnomah County District Attorney's Office and Brad Kalbaugh, respond to Plaintiffs' Motion to Compel, as follows.

On September 30, 2020, this Court entered an order, allowing for expedited discovery on "the limited purpose of determining whether an exception to *Younger* exists in this case." Order, ECF 32, p.1. This Court denied all of the other discovery requests sought by Plaintiffs.

Page 1 -   RESPONSE TO MOTION TO COMPEL
JS/lf1/10504894-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendants have produced documents and the parties have conferred on the production. Plaintiffs have moved to compel additional documents; Defendants agree in part that certain discovery remains to be produced, and disagree in part.

### A. Plaintiffs are entitled to have the attachments produced in discovery.

During the production of the electronically stored information, Plaintiffs asserted that attachments referenced in the production were not, in fact, attached, and probably not produced. Defendants investigated, and discovered that the electronic transfer between Defendants and their counsel resulted in uneven production of the attachments. The production was re-formatted and is in the process of being produced with all attachments correctly assigned to the referencing documents.

### B. Defendants have offered to produce the probable cause statements associated with dismissed cases noted in the CRIMES data base; Plaintiffs have not responded.

Plaintiffs want to know why prosecutions were dismissed. Defendants have produced a spreadsheet from the CRIMES data base regarding those charged under the Riot statute, among others, and Plaintiffs have asked for all of the physical cases files for those crimes. That request is both excessive and burdensome. Defendant Kalbaugh notified counsel for Plaintiffs that the probable cause statements are matters of public record and counsel could submit a public records request for the statements. No such request for public records was received.

During conferral regarding discovery, Defendants offered to provide the probable cause statements without requiring the Plaintiffs to proceed through the public records process, if Plaintiffs would list the cases for which the statements were required. There has been no response to that offer, although it still stands.

### C. The relevant issue is how the Non-Prosecution Policy was applied; the period before Mike Schmidt became District Attorney is not relevant.

"[T]he movant has the initial burden of demonstrating relevance." *Integon Preferred Ins. Co. v. Saavedra*, 2019 WL 4228372, at *2 (C.D. Cal. July 12, 2019), *citing United States v. McGraw-Hill Companies, Inc.*, 2014 WL 164738, at *8 (C.D. Cal. 2014). Fundamentally, the

Page 2 -   RESPONSE TO MOTION TO COMPEL
JS/lf1/10504894-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

parties disagree on what this matter is about. This Court ordered expedited discovery regarding the Policy for the very limited purpose to see if any exception to the *Younger* doctrine applied, arising from the application of the Policy. Plaintiffs attempt to allege that it was bad faith to fail to apply the Non-Prosecution Policy retroactively. Accordingly, the issue before the court is how the Policy was <u>applied</u>, and whether the failure to apply the Policy retroactively is bad faith, sufficient to allow this Court to intervene in the State's criminal prosecution.

Plaintiffs now argue that they need discovery before Mike Schmidt became the District Attorney on August 1, 2020 to show that, in their view, the intent of the Policy was a "blatant misuse of the office to shelter violent Leftist rioters." (Plaintiffs' Motion to Compel, p. 13). Even if Plaintiffs could establish that premise, a position that is adamantly rejected by Defendants, it would be insufficient to sustain their motion to compel in this matter. It is not the intent, or iterations of the Policy that is at issue <u>in this case</u>, no matter how much Plaintiffs wish it to be. It is also not the issue as to who ". . . is hostile to plaintiffs and/or their political views. . ." (Plaintiffs' Motion to Compel, p.6).

What is at issue is whether the failure to apply the Policy retroactively to the Plaintiffs was bad faith by the Multnomah County District Attorney's office, sufficient to require this Court to intervene in the state's criminal proceeding. Discovery regarding the Policy before August 1, 2020, and before it was ever applied, is not relevant to the existence of any exception to the *Younger* doctrine.

**D.     Details of the parameters of the search for electronically stored information establish a comprehensive search.**

Contrary to Plaintiffs' belief, and assertion, the email account of Mike Schmidt was searched to obtain the electronically stored information. The accounts of the following custodians at the Multnomah County District Attorneys' Office were searched: Schmidt; Knott; Howes; Rees; Snowden; Casalino; Kalbaugh; Hughey; Banfield; Hannon; Gibbs; Plank; Weisberg; Jackson; Overstreet; Mota; Demer; Vasquez; and the general "DA Mailbox". The following search terms were used to gather the electronically stored information: riot; "riot

Page 3 -    RESPONSE TO MOTION TO COMPEL

policy"; "non-prosecution"; Gibson; Schultz; "Patriot Prayer"; Retroactive; 166.015; Antifa; Protest.  The  time frame for the search was from August 1, 2020, the date Mike Schmidt assumed his duties as the Multnomah County District Attorney to October 11, 2020.

All handwritten notes are imaged and stored with the associated document and any email communications from the personal devices of the above custodians that are used in the course of business were captured.  Plaintiffs' assertions that there must be something more are only speculation. A requesting party's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel. *Bragel Int'l, Inc. v. Kohl's Dep't Stores*, 2018 WL 7890682, at *11 (C.D. Cal. Nov. 14, 2018), *citing Bethea v. Comcast*, 218 F.R.D. 328, 329 (D. D.C. 2003). Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld.  *Carter v. Dawson*, 2010 WL 4483814, at *5 (E.D. Cal. Nov. 1, 2010) (defendants' representation that they are unable to locate responsive documents precludes the grant of a motion to compel "unless Plaintiff can identify a specific document that Defendants have withheld").

/ / /

/ / /

/ / /

/ / /

Page 4 -    RESPONSE TO MOTION TO COMPEL
JS/lf1/10504894-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

Defendants request that the Motion to Compel be denied. Defendants have produced the documents responsive to the discovery ordered by the court.

DATED October   28  , 2020.

                                      Respectfully submitted,

                                      ELLEN F. ROSENBLUM
                                      Attorney General


                                      *s/ Jill Schneider*
                                      JILL SCHNEIDER #001619
                                      Senior Assistant Attorney General
                                      Jill.Schneider@doj.state.or.us
                                      Of Attorneys for Defendants

Page 5 -    RESPONSE TO MOTION TO COMPEL
        JS/lf1/10504894-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on October   28  , 2020, I served the foregoing RESPONSE TO MOTION TO COMPEL upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| James L. Buchal<br>MURPHY & BUCHAL LLP<br>3425 SE Yamhill St., Ste. 100<br>Portland, OR 97214<br>    *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>  X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>  X  E-MAIL<br>___ E-SERVE |
| D. Angus Lee<br>Angus Lee Law Firm, PLLC<br>9105A NE HWY 99, Suite 200<br>Vancouver, WA 98665<br>    *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>  X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>  X  E-MAIL<br>___ E-SERVE |

    *s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
           JS/lf1/10450911-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000