# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH GIBSON and RUSSELL SCHULTZ**, <br><br>            Plaintiffs, <br><br>      v. <br><br>**MIKE SCHMIDT**, *in his official capacity as District Attorney of Multnomah County, Oregon*, **MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH,** *in his official capacity as a Multnomah County Deputy District Attorney*, <br><br>            Defendants. | Case No. 3:20-cv-01580-IM <br><br>**ORDER** |

**IMMERGUT, District Judge.**

      This matter comes before the Court on Plaintiffs' Motion to Compel Discovery, ECF 37, and Defendants' Motion to Quash Deposition Notice and for a Protective Order, ECF 39. The Court held a hearing on the motions on November 6, 2020. At the hearing, this Court orally

PAGE 1 – ORDER

granted in part Plaintiffs' Motion to Compel Discovery and granted Defendants' Motion to Quash Deposition Notice and for a Protective Order.[1]

At issue in the instant motions is the scope of an order issued on September 30, 2020, whereby this Court granted expedited discovery for the limited purpose of determining whether an exception to the *Younger* abstention doctrine exists in this case. ECF 32 at 3. Specifically, the Court ordered the production of "[a]ll documents constituting, referring or relating to the non-prosecution policy issued by Multnomah County District Attorney Mike Schmidt on or about August 11, 2020, including but not limited to drafts of the policy, emails regarding the policy, memoranda or other documents analyzing the policy, memoranda or other documents concerning the likely impact of the policy, and comments received concerning the policy, including any and all documents that refer to how this policy relates to the prosecution of Joseph Gibson, Russell Schultz, or members of the group known as 'Patriot Prayer,' as well as any and all documents referring to or relating to retroactive application of the policy, which this Court defines as application prior to Aug 11, 2020, with respect to riot charges pursuant to ORS 166.015." *Id.*

Having reviewed the arguments of counsel, Plaintiffs' Motion to Compel Discovery, ECF 37, is GRANTED IN PART. Defendants are ordered to produce items responsive to the Court's discovery order, ECF 32, that were created between May 25, 2020 and September 30, 2020. To the extent that Defendant Schmidt used personal e-mail accounts in the development of the non-prosecution policy, those e-mail accounts should also be searched for responsive material. Any responsive material stored on the personal devices of relevant personnel should be produced. Defendants are further ordered to produce probable cause statements, or police reports

---

[1] This written order represents the Court's ultimate evaluation of the motion. *See Ellison v. Shell Oil Co.*, 882 F.2d 349, 352 (9th Cir. 1989).

PAGE 2 – ORDER

where such statements do not exist, for all riot cases charged, declined, or dropped pursuant to the District Attorney's non-prosecution policy between May 25, 2020 and September 30, 2020. Where such cases were dismissed, a description of the reason for dismissal should also be produced. Defendants' counsel will also inquire with her clients about the e-mail account "dadecline@portlandoregon.gov," and whether this account is in any way associated with or controlled by the District Attorney's office. Defendants will add "dadecline" as a search term to look for documents responsive to the Court's discovery order.

This Court finds that a deposition pursuant to Rule 30(b)(6) is not necessary at this time. Accordingly, Defendants' Motion to Quash Deposition Notice and for a Protective Order, ECF 39, is GRANTED.

Defendants must produce all discovery by November 20, 2020. Plaintiffs' supplemental briefing regarding whether an exception to *Younger* abstention applies is now due December 11, 2020. Defendants' response is due December 29, 2020. Plaintiffs' reply, which shall not exceed ten pages in length, is due January 5, 2021. The hearing on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF 5, will be held on January 22, 2021 at 10:00AM.

**IT IS SO ORDERED.**

DATED this 6th day of November, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge