James L. Buchal, OSB No. 921618            THE HONORABLE KARIN J. IMMERGUT
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel:     503-227-1011
Fax:     503-573-1939
*Attorney for Plaintiffs*

D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Tel:  360.635.6464
E-mail: Angus@AngusLeeLaw.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, | Case No. 3:20-CV-01580-IM |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DISCOVERY PRODUCTION DEADLINE** |
| MIKE SCHMIDT, individually and in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney, | |
| Defendants. | |

**Argument**

Based upon immediate and continuing irreparable harm, which continues, plaintiffs filed an application for a temporary restraining order and motion for expedited discovery on September 16, 2020, more than two months ago. This Court ordered the production on September 30th by October 14th of "all documents constituting, referring or relating to the non-prosecution policy," including but not limited to "all documents referring or relating to retroactive application of the policy".

After it became apparent that defendants had without any justification withheld all documents prior to August 1, 2020, withheld all documents not already within the e-mail system of defendant Multnomah County District Attorney's Office, and refused to provide documents from which one might ascertain even how many riot cases there had been, and how they had been resolved, this Court gave defendants a second chance to produce documents in good faith, resetting the deadline to November 20th by order of November 6th.

Seven days later, on Friday afternoon, November 13th, counsel for defendants advised that she expected to receive the documents by Tuesday, November 17th. (Exhibit 1, at 2-3). We responded on Monday, November 16th, objecting to the implicate notion that materials needed to be produced in one giant, belated lump, asking defendants to segregate the production and produce it on a rolling basis. (Exhibit 1, at 2.) On Wednesday, November 18th, counsel for defendants reported she still did not have the responsive documents, and for the first time sought a protective order (Exhibit 1, at 1.) That same day, plaintiffs sought an explanation of what needed to be protected. (Exhibit 2.)

Counsel for defendants responded that there was information identifying "people as witnesses but not charged with anything, charged parties have criminal matters still pending, videos" and noting that redacting personally identifying material would increase the time required to produce the material.  (Exhibit 2.)

Counsel for plaintiffs supplied a draft protective order on November 19th, providing a revisable form on November 20th which plaintiffs edited and returned. (Exhibits 3-5.)  Plaintiffs' form of order would permit defendants to designate any or all documents "Attorneys' Eyes Only" if were a "good faith basis for asserting [the information was] confidential under the applicable legal standards".  (*See* Exhibit 4, at 3 (¶ 3)).

Plaintiffs are constrained to observe that the materials previously produced with no protective order (or suggestion for the need therefor) contained this sort of information materials, suggesting that the true purpose of the request for a protective order is to protect the District Attorney's extraordinary policy development process from public scrutiny.

Given that these are public records, intended to be available under Oregon law to any member of the public, plaintiffs' form of order seemed a recipe for future conflict and overhead with this Court that was entirely unnecessary.  In particular, plaintiffs explained that as a matter of Oregon law,

> "The record of an arrest or the report of a crime *shall be disclosed* unless and only for so long as there is a clear need to delay disclosure in the course of a specific investigation, including the need to protect the complaining party or the victim. Nothing in this subsection shall limit any right constitutionally guaranteed, or granted by statute, to disclosure or discovery in criminal cases. For purposes of this subsection, the record of an arrest or the report of a crime includes, but is not limited to:

"(a) The arrested person's name, age, residence, employment, marital status and similar biographical information;

"(b) The offense with which the arrested person is charged;

"(c) The conditions of release pursuant to ORS 135.230 to 135.290;

"(d) The identity of and biographical information concerning both complaining party and victim;

"(e) The identity of the investigating and arresting agency and the length of the investigation;

"(f) The circumstances of arrest, including time, place, resistance, pursuit and weapons used; and

"(g) Such information as may be necessary to enlist public assistance in apprehending fugitives from justice."

Oregon law also protects certain sensitive identifying material such as home addresses, e-mail addresses and telephone numbers.

Accordingly, plaintiffs propose that the Court enter their form of order, which will create a safe harbor allowing plaintiffs to redact the information about which defendants have complained (called "Highly Personal Information" or "Witness Information") and then use the materials without restrictions. If there is investigative material beyond that that needs to be protected because of a "clear need to delay disclosure in the course of a specific investigation, including the need to protect the complaining party or the victim," defendants may still designate the document "Attorneys' Eyes Only".[1] Inasmuch as these protest cases are cases against the public order, where the complaints are generally

---

[1] There is a typographic error in the second to last line of proposed ¶ 3. The words "Attorneys' Eyes Only" should not appear there, as the intent is not to allow the safe harbor redactions for investigative materials where care must be taken to protect the complaining party or the victim.

police officers, we think as a practical matter that there are unlikely to be any such cases.

We present all these issues to the Court now because notwithstanding plaintiffs' continuing objections to the dilatory conduct of defendants, it is obvious that the deadline set by the Court must be extended again, but further specific guidance from the Court seems required to get the job done.

Plaintiffs ask this Court to convene a brief telephonic conference to establish a firm deadline, with serious consequences to defendants from a failure to meet it.  The Court may deem it appropriate to require defendants to bring someone to the conference with first-hand knowledge of the extraordinary claims being made with respect to the alleged inability efficiently to produce e-mails and attachments that, in the experience of the undersigned counsel, should not be such a problem.

In addition to setting the deadline and entering the protective order, this Court should order defendants to prioritize the production as requested by plaintiffs, and produce the ordered items in distinct and separate units (as set forth in Exhibit 1, at 2), including at least:

- Documents produced from the personal devices of defendants;

- Documents produced from the personal e-mail account of defendant Schmidt;

- An expanded search of defendants' e-mail system for pre-August 1st documents;

- An expanded search of defendants' e-mail system for post-August 1st documents including the "dadecline" documents;

- The set of all riot cases charged, declined, dismissed or dropped pursuant to the District Attorney's non-prosecution policy between May 25, 2020 and September 30, 2020; and

- The probable cause statements, police reports and/or reasons for dismissal associated with these cases.

It is particularly important that the materials not be lumped together in production, to make any continuing production compliance issues clear to all concerned.

## Conclusion

For the foregoing reasons, this Court should enter the form of protective order requested by plaintiffs and impose further requirements as outlined above on defendants to get the September 30th production complete in a truly expedited fashion.

Dated:  November 23, 2020

*/s/  James L. Buchal*
James L. Buchal, OSB No. 921618
MURPHY & BUCHAL LLP

*/s/ D. Angus Lee*
D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
ANGUS LEE LAW FIRM, PLLC

*Attorneys for Joseph Gibson and Russell Schultz*

**James Buchal**

| | |
|---|---|
| **From:** | Schneider Jill <Jill.Schneider@doj.state.or.us> |
| **Sent:** | Wednesday, November 18, 2020 2:21 PM |
| **To:** | James Buchal; D. Angus Lee |
| **Cc:** | Sword Debbie |
| **Subject:** | RE: Gibson v. Schmidt |

I write to provide an update as to where we are in the discovery process.

Multnomah County District Attorney's office identified 209 (final number to be determined in the production) cases in which at least one of the charges was riot between May 25 and Sept 30, 2020. Of those cases, 106 were rejected, 69 proceeded to the next state, with the balance scheduled for re-review.  CRIMES fact sheets, police reports, and probable cause statements will be produced for all of the 209 cases, regardless of disposition, to the extent the documents exist.  For example, probable cause statements are not prepared for every case, but all probable cause statements within the 209 or so files will be produced.  We expect to get a flash drive of all of those documents today or tomorrow.  Some of the police reports are voluminous, up to 300 pages. They will need to be marked and identified for production.  Because of the confidential nature of the data contained within the documents, we will need to have a protective order filed before we can produce the documents.  By separate email, I will forward a copy of a proposed protective order, in the form approved by the District of Oregon federal court, for review, comment and, I hope, filing.

Once the protective order is in place, we can produce the documents from the CRIMES data base on a rolling basis.

The "DAdecline" account is a Portland Police Bureau mailbox.  When the MCDA's office declines a case in CRIMES, an email to that PPB mailbox is automatically generated and sent and a copy is sent to the Deputy District Attorney declining the case.  My understanding is that the search terms should capture any emails sent to "DAdecline" as a matter of course, but I will verify with the IT people at MCDA.

The electronic discovery is still about 4-5 days out from getting to DOJ, for a number of technical and eclectic reasons.  As one example, on a personal device, the owner used a program that could not be opened on MCDA's system, so an alternative method had to be used to collect that data.

With that in mind, we cannot produce the totality of the documents by November 20.  Depending on the entry of the protective order, we hope to be able to produce all documents on a rolling basis by Nov. 30, although I cannot promise that date.  We will do our best to produce the documents as early as possible.

Would you be willing to enter into a stipulated scheduling order, pushing everything out 2 weeks, or do you want me to notify the court unilaterally?

**Jill Schneider**
**Oregon Department of Justice**
**971.673.1073**

---

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Monday, November 16, 2020 9:00 AM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Cc:** D. Angus Lee <angus@anguslelaw.com>
**Subject:** Gibson v. Schmidt
**Importance:** High

EXHIBIT 1, pg. 1 of 3

**\*CAUTION EXTERNAL EMAIL\*** This email originated from outside of DOJ. Treat attachments and links with caution. **\*CAUTION EXTERNAL EMAIL\***

Dear Ms. Schneider,

While we are not opposed in principle to an adjustment to the briefing schedule, we would ask you to commit to producing materials on a rolling basis, so that we are not required to wait until the after the present deadline to receive materials produced in a fashion that lumps them all together in a single giant pile of e-mails that provides no information as to the provenance of particular items.  In particular, we see the following distinct sources of production, which can and should be produced in distinct and separate files or folders:

- Documents produced from the personal devices of defendants;
- Documents produced from the personal e-mail account of defendant Schmidt;
- An expanded search of defendants' e-mail system for pre-August 1st documents; and
- An expanded search of defendants' e-mail system for post-August 1st documents including the "dadecline" documents; and
- The set of all riot cases charged, declined, dismissed or dropped pursuant to the District Attorney's non-prosecution policy between May 25, 2020 and September 30, 2020; and
- The probable cause statements, police reports and/or reasons for dismissal associated with these cases.

The pre-August 1st search is to include "dadecline" too, but we assume are taking the position that there is no reason to re-run and re-produce the post-August 1st documents with anything other than "dadecline" unless  you confirm—as we are certain is the case—that not all of the relevant e-mail accounts were actually searched first time around.  Absent defendants' refusal to admit this is the case, it makes no sense to rerun the post-August 1st search with anything but the additional keyword "dadecline".

We shall attempt to contact you later today to discuss whether you can commit to provide rolling production as particular sources are completed, or whether this dispute must be brought before Judge Immergut.

Sincerely,

James L. Buchal
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214

Phone:  503-227-1011
Fax:  503-573-1939

**From:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Sent:** Friday, November 13, 2020 2:45 PM
**To:** angus@angusleelaw.com; James Buchal <jbuchal@mbllp.com>
**Subject:** Status report on discovery

The following is a status report on where we are with providing additional discovery.  The Multnomah County District Attorney's office has been working to produce the documents since the order was issued.  They have alerted us, and I am passing along to you, to concerns about whether the documents can be produced by 11/20 .  Below are some of the concerns expressed by the technicians who run, and produce, the documents retrieved in the search.

EXHIBIT 1, pg. 2 of 3

- Volume of emails/attachments.  The last batch was 2262 emails with 9,148 pages.   Because of the expanded time parameters, we expect the volume be at least the same but more likely could be doubled;
- Without opening up every email, there is no way to confirm that all the attachments were exported.  There were several attachments that did not come over in the last email export, which is why a review needs to be done.
- A review entails opening up every email to look for other forms of attachments, i.e., excel spreadsheets, and pull those out separately because they don't combine, then make placeholders for each document;
- To bate stamp the documents for production, the pdf's must be combined.  However, many emails do not combine properly, if they combine at all.  The only way to confirm that all the emails combined properly is to go back and check every bookmark.  For the last production, many pdf's would not combine because of the length of the name of the pdf.  Some would not combine because the pdf had a security issue.  For whatever reason, a review by document is necessary.
- MCDA anticipates getting the documents to DOJ by Tuesday. Our technical people will not know how long it will take to ingest the documents into our system, so that they can produced until the documents are received.

In light of the anticipated and expected length of time to produce the documents, we may not be able to produce the documents on 11/20.  I will keep you apprised of the status when I know a more definitive time line.  I am wondering if we wish to send a stipulated order sooner rather than later, asking for an extension to the briefing schedule.  Can you tell me your thoughts? Of course, if you do not agree that we should submit a stipulated order, I will file a motion, asking for an extension from the court.

**Jill Schneider**
Senior Assistant Attorney General |Civil Litigation Unit|Trial Division
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971.673.1073
Jill.Schneider@doj.state.or.us

*****CONFIDENTIALITY NOTICE*****

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

***********************************

EXHIBIT 1, pg. 3 of 3

**James Buchal**

| | |
|---|---|
| **From:** | Schneider Jill <Jill.Schneider@doj.state.or.us> |
| **Sent:** | Wednesday, November 18, 2020 3:10 PM |
| **To:** | James Buchal |
| **Cc:** | D. Angus Lee |
| **Subject:** | RE: Gibson v. Schmidt |

Numerous people are identified in the CRIMES material as witnesses but not charged with anything, charged parties have criminal matters still pending, videos.  If we have to redact all personally identifying material, it will increase exponentially the time required to produce the material.  With a protective order in place, we would not have to redact.

As for timing, I want to have full disclosure as to when we can realistically produce the documents.  When the documents are produced, you are entitled to have the time you believe you need for review before a briefing schedule could commence.

I will forward the proposed protective order as soon as I can.

**Jill Schneider**
Oregon Department of Justice
971.673.1073

---

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Wednesday, November 18, 2020 3:03 PM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Cc:** D. Angus Lee <angus@anguslleelaw.com>
**Subject:** FW: Gibson v. Schmidt

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Dear Jill,

Can you clarify "the confidential nature of the data contained within the documents"—is this language intended to refer just to police reports, or more broadly?  We will review the proposed protective order when we get it and then respond to it and the larger question.  A draft stipulated scheduling order would be useful to review as well—did you intend to include the hearing date?

Thanks,

James L. Buchal
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214

Phone:  503-227-1011
Fax:  503-573-1939

EXHIBIT 2, pg. 1 of 1

**James Buchal**

| | |
|---|---|
| **From:** | James Buchal |
| **Sent:** | Friday, November 20, 2020 10:06 AM |
| **To:** | Schneider Jill; D. Angus Lee |
| **Subject:** | RE: Gibson 1580 PLD Stip Protective Order |
| **Attachments:** | Gibson 1580 PLD Stip Protective Order jlb edits.docx |

My starting point for review is ORS 192.345(2), which provides:

> The record of an arrest or the report of a crime *shall be disclosed* unless and only for so long as there is a clear need to delay disclosure in the course of a specific investigation, including the need to protect the complaining party or the victim. Nothing in this subsection shall limit any right constitutionally guaranteed, or granted by statute, to disclosure or discovery in criminal cases. For purposes of this subsection, the record of an arrest or the report of a crime includes, but is not limited to:
>
>     (a) The arrested person's name, age, residence, employment, marital status and similar biographical information;
>
>     (b) The offense with which the arrested person is charged;
>
>     (c) The conditions of release pursuant to ORS 135.230 to 135.290;
>
>     (d) The identity of and biographical information concerning both complaining party and victim;
>
>     (e) The identity of the investigating and arresting agency and the length of the investigation;
>
>     (f) The circumstances of arrest, including time, place, resistance, pursuit and weapons used; and
>
>     (g) Such information as may be necessary to enlist public assistance in apprehending fugitives from justice.

To that end, I have substantially narrowed the order to provide that unless there are some specific investigations where "there is a clear need to delay disclosure in the course of a specific investigation, including the need to protect the complaining party or the victim," which might be designated "Attorneys' Eyes Only," the proper subject of the order is highly personal information like e-mail addresses, phone numbers, etc., and perhaps identification of witnesses.  To that end, I have added a safe harbor requiring redaction of that sort of information before any use beyond the confines of this litigation.

James L. Buchal
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214

Phone:  503-227-1011
Fax:  503-573-1939

---

**From:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Sent:** Friday, November 20, 2020 7:30 AM
**To:** James Buchal <jbuchal@mbllp.com>; D. Angus Lee <angus@angusleelaw.com>
**Subject:** Gibson 1580 PLD Stip Protective Order

EXHIBIT 3, pg. 1 of 2

Attached is the word version of the draft protective order.

**Jill Schneider**
Senior Assistant Attorney General | Civil Litigation Unit | Trial Division
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971.673.1073
Jill.Schneider@doj.state.or.us

*****CONFIDENTIALITY NOTICE*****

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

***********************************

EXHIBIT 3, pg. 2 of 2

ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ~~JOSEPH GIBSON and RUSSELL SCHULTZ~~, | Case No.  3:20-cv-01580-SB |
| | STIPULATED PROTECTIVE ORDER |
| Plaintiffs, | |
| v. | |
| MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,, | |
| Defendants. | |


One or more of the parties has requested the production of documents or information that

at least one party considers to be or to contain confidential information, and that are subject to

protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists

Page 1 -    STIPULATED PROTECTIVE ORDER
JSJS/jf1hf/Gibson 1580 PLD Stip Protective Order jlb edits~~Document3~~

to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.

This action concerns the complaint of plaintiffs that the actions of the Multnomah County District Attorney's Office violated their civil rights, sufficient to require federal court intervention in a state criminal prosecution. Among the anticipated discovery are certain subsets of criminal files of multiple persons arrested in the summer of 2020. These files concern non-parties and contain confidential and personally identifying material. The parties expect to exchange documents and information relating to the criminal files of non-parties, some of whom are subject to pending or continuing prosecution.

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding, *provided that* it shall be no violation of this Order for any party to utilize materials containing the information described in ORS 192.345(3) for any purpose, *and provided further that* the safe harbor provided by this section shall not extend to any release of the home address, home or cellular phone number, personal electronic mail address, social security number or other identification number of any individual ("Highly Personal Information") or release of information concerning the identity of any witness to any case which remains subject to continued prosecution ("Witness Information").

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the

Page 2 -    STIPULATED PROTECTIVE ORDER

JSJS/Jf1Hf/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 4, pg. 2 of 10

**Formatted:** Font: Italic
**Formatted:** Font: Italic
**Formatted:** Font: Italic
**Formatted**
**Formatted**

disclosure or use of any information or documents lawfully obtained by the receiving party

through means or sources outside of this litigation. Should a dispute arise as to any specific

information or document, the burden shall be on the party claiming that such information or

document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as

"Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other

materials produced in this case  if they contain Highly Personal Information or Witness

Information, and may designate such material "Attorneys' Eyes Only" if the information that the

producing party has a good faith basis for asserting there is a clear need to delay disclosure in the

course of a specific investigation, including the need to protect the complaining party or the

victim.  is confidential under the applicable legal standards. The party shall designate each page

of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if

practical to do so.  For purposes of this Order, a "Confidential" document loses its status as

"Confidential" or "Attorneys' Eyes Only" if the Highly Personal Information or Witness

Information is redacted.

4.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes

Only" or any papers containing or making reference to such materials are filed with the Court,

they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL
IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE
PROTECTIVE ORDER.

or

STIPULATED PROTECTIVE ORDER

ATTORNEYS' EYES ONLY
IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS'
EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON
OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH

Page 3 -    STIPULATED PROTECTIVE ORDER
JSJS/jf1h1/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**Formatted**
**Formatted**

8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.       Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.       "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.       Except as provided elsewhere herein, Uuse of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

Formatted

Formatted

Page 4 -   STIPULATED PROTECTIVE ORDER
          JSJS/jf/Tlf/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.    Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

Page 5 -    STIPULATED PROTECTIVE ORDER

JSJS/jf\IHI/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

Formatted

Formatted

EXHIBIT 4, pg. 5 of 10

10.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or

Page 6 -    STIPULATED PROTECTIVE ORDER

JSJS/jf/HH/Gibson 1580 PLD Stip Protective Order jlb edits Document3

Formatted

Formatted

materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

/ / /

Page 7 -     STIPULATED PROTECTIVE ORDER

JSJS/jf1ffl/Gibson 1580 PLD Stip Protective Order jlb edits Document3

Formatted

Formatted

/ / /

/ / /

/ / /

/ / /

Formatted

Formatted

Page 8 -    STIPULATED PROTECTIVE ORDER

JSJS/jf1jfl/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

17.     The restrictions on disclosure and use of confidential information shall survive the

conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion

for the purpose of enforcing the terms of this Protective Order.

So stipulated:


_____                    _____
D. Angus Lee                                James L. Buchal
Counsel for Plaintiff                       Counsel for Plaintiff



_____
Jill Schneider
Counsel for Defendants


The Court has reviewed the reasons offered in support of entry of this Stipulated

Protective Order and finds that there is good cause to protect the confidential nature of certain

information. Accordingly, the Court adopts the above Stipulated Protective Order in this

action.

IT IS SO ORDERED.




DATED: _____

                                            _____
                                            Karin J. Immergut




Page 9 -   STIPULATED PROTECTIVE ORDER
           JSJS/Jf1Hf/Gibson 1580 PLD Stip Protective Order jlb editsDocument3

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Formatted
Formatted

EXHIBIT A

I,_____ , have been advised by counsel of record for _____ of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation. I have read a copy of the protective order and agree

to abide by its terms.

Signed _____

Printed Name _____

Date _____

Page 10 -  STIPULATED PROTECTIVE ORDER

JSJS/jf1fl/Gibson 1580 PLD Stip Protective Order jlb edits Document3

**Formatted**

**Formatted**

ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, | Case No.  3:20-cv-01580-SB |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| v. | |
| MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,, | |
| Defendants. | |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.

Page 1 -   STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 5, pg. 1 of 10

This action concerns the complaint of plaintiffs that the actions of the Multnomah County District Attorney's Office violated their civil rights, sufficient to require federal court intervention in a state criminal prosecution. Among the anticipated discovery are certain subsets of criminal files of multiple persons arrested in the summer of 2020.  These files concern non-parties and contain confidential and personally identifying material.  The parties expect to exchange documents and information relating to the criminal files of non-parties, some of whom are subject to pending or continuing prosecution.

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding, *provided that* it shall be no violation of this Order for any party to utilize materials containing the information described in ORS 192.345(3) for any purpose, *and provided further that* the safe harbor provided by this section shall not extend to any release of the home address, home or cellular phone number, personal electronic mail address, social security number or other identification number of any individual ("Highly Personal Information") or release of information concerning the identity of any witness to any case which remains subject to continued prosecution ("Witness Information").

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific

Page 2 -     STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 5, pg. 2 of 10

information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain Highly Personal Information or Witness Information, and may designate such material "Attorneys' Eyes Only" if the producing party has a good faith basis for asserting there is a clear need to delay disclosure in the course of a specific investigation, including the need to protect the complaining party or the victim.  The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.  For purposes of this Order, a "Confidential" document loses its status as "Confidential" or "Attorneys' Eyes Only" if the Highly Personal Information or Witness Information is redacted.

4.       If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

or

STIPULATED PROTECTIVE ORDER

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that

Page 3 -    STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Except as provided elsewhere herein, use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

        a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

        b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons

Page 5 -    STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 5, pg. 5 of 10

designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated  documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or

Page 6 -    STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791                    EXHIBIT 5, pg. 6 of 10

documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.     Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.


/ / /


/ / /


Page 7 -    STIPULATED PROTECTIVE ORDER
          JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

/ / /

/ / /

/ / /

Page 8 -   STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 5, pg. 8 of 10

17.     The restrictions on disclosure and use of confidential information shall survive the

conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion

for the purpose of enforcing the terms of this Protective Order.

So stipulated:


_____                    _____
D. Angus Lee                                        James L. Buchal
Counsel for Plaintiff                               Counsel for Plaintiff



_____
Jill Schneider
Counsel for Defendants


The Court has reviewed the reasons offered in support of entry of this Stipulated

Protective Order and finds that there is good cause to protect the confidential nature of certain

information. Accordingly, the Court adopts the above Stipulated Protective Order in this

action.

IT IS SO ORDERED.




DATED: _____                              _____
                                                    Karin J. Immergut




Page 9 -    STIPULATED PROTECTIVE ORDER
        JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

EXHIBIT A

I,_____ , have been advised by counsel of record for _____ of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation. I have read a copy of the protective order and agree

to abide by its terms.

Signed _____

Printed Name _____

Date _____

Page 10 -  STIPULATED PROTECTIVE ORDER
JS/lf1/Gibson 1580 PLD Stip Protective Order jlb edits

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 5, pg. 10 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DISCOVERY PRODUCTION DEADLINE with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/  James L. Buchal*
James L. Buchal