James L. Buchal, OSB No. 921618       THE HONORABLE KARIN J. IMMERGUT
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel:     503-227-1011
Fax:     503-573-1939
*Attorney for Plaintiffs*

D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Tel:  360.635.6464
E-mail: Angus@AngusLeeLaw.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH GIBSON, RUSSELL SCHULTZ,<br>PLAINTIFFS,<br><br>vs.<br><br>MULTNOMAH COUNTY DISTRICT<br>ATTORNEY MIKE SCHMIDT, ET AL,<br>DEFENDANTS. | No. 3:20-CV-01580-IM<br><br>DECLARATION OF D. ANGUS LEE<br>IN SUPPORT OF MEMORANDUM ON<br>JURISDICTION |

I, D. ANGUS LEE, declare under the penalty of perjury that the following is true and

correct to the best of my knowledge.  I am over the age of eighteen, and I am competent to testify

to the matters herein.  I have personal knowledge of the matters stated herein, or as indicated,

have information concerning those matters.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

1

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1. In the discovery provided by defendants there was an electronic file folder entitled "GIBSON_MCDA_012531-029976."

2. Inside that folder were 196 subfolders and a single document entitled "GIBSON_MCDA_012531-029976." The document was a seven-page spread sheet entitled "Riot cases." Attached as **Exhibit A**[1] to this declaration is a true copy of the "Riot Cases" spread sheet provided by defendants.

3. The spread sheet purports to cover cases where a request for a riot charge was received by the MCDA between the dates of 5/31/2020 to 9/28/2020. The sheet is organized by "DA CASE NBR."

4. The 196 subfolders were titled by a case number and the name of any suspects associated with the case. The spread sheet case numbers correspond with the folder names.

5. For some subfolders there were multiple suspects for a single incident (case number), so the folder would be titled with multiple names and then a case number followed by a "-1" and then a "-2" or "-3", and so on for each additional suspect.

6. Inside the subfolders was an MCDA "CRIMES Fact Sheet" for the defendant(s) and associated police reports.

7. The "CRIMES Fact Sheet" for the MCDA provides a variety of information on each case against each suspect, including the date the case was received, the status of the case, internal case notes about the case disposition, a basis for that disposition, charges filed or not filed, and in some cases a summary of the facts of the case.

---

[1] While Exhibit A is marked confidential, the parties have agreed that it may be filed as is.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

2

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

8. The CRIMES sheet uses several phrases and codes, such as "RE/DM-DM." Based on my review of the CRIMES sheets, and my experience in both criminal prosecution and criminal defense, I believe the code "RE/DM-DM" as used in CRIMES to indicate that a count was dismissed.

9. The spread sheet also purports to give the status of each matter where a charge of riot was requested, by indicating that the matter was "ISSUED", "PENDING REVIEW", or "REJECTED.

10. However, when the spreadsheet is cross referenced with the CRIMES sheets in the correspond subfolders, it becomes clear that MCDA has listed cases as "issued" when the charge of riot was actually dismissed or not charged.

11. For example:

   a. The MCDA sheet asserts that riot was issued in 2423049-1, but the corresponding CRIMES sheet says riot was not charged due to "insufficient evidence."

   b. The MCDA sheet asserts that riot was issued in 2423050-1 and 2423050-2, but the corresponding CRIMES sheet says "Unable to Indict Case: Factual Problem", and these matters were "closed." While MCDA's crime sheet says there was a "factual problem," the sheet also identifies a witness who "Witnessed [242305-1] assaulting security guard." Another witness "witnessed [242305-2] assaulting victim." DDA Brian Davidson wrote "Offciers on patrol observe defs beating up security guard outside Ruth's Chris Steak House. They are arrested." However, on 8/4/20, DDA Davidson input "Case declined" into CRIMES.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

3

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

c. The MCDA sheet asserts that riot was issued in 2423064-1, but the corresponding CRIMES sheet says riot was not charged. The CRIMES sheet says "Insufficient Evidence."

d. The MCDA sheet asserts that riot was issued in 2423096-1, but as to riot, the corresponding CRIMES sheet says "Unable to Indict Case: Factual Problem."

e. The MCDA sheet asserts that riot was issued in 2423118-1, but the corresponding CRIMES sheet indicates that the charges were later dismissed by DDA Kalbaugh, who CRIMES identifies as having entered "our office will not prosecute" into CRIMES for that case.

f. The MCDA sheet asserts that riot was issued in 2424477-1, but the corresponding CRIMES sheet indicates that the charges were later dismissed because of a "Factual Problem."

g. The MCDA sheet asserts that riot was issued in 2424485-1, but the corresponding CRIMES sheet indicates they were not able to indict on riot due to "Factual Problem" with case. According to CRIMES

> a riot was declared since the crowd was throwing mortars and fireworks inside the federal courthouse as well as rocks and glass bottles at the police. Victim officer was working in his capacity as a Portland Police officer on scene. Police, including victim officer, arrested a person anmed [suspect 1] for Disroderly Conduct from a crowd. [2424485-1], who was in the crowd, tried to pull [suspect 1] away from the police. When the victim officer would not let go of [suspect 1], [2424485-1] punched the victim in the right side of the face.

h. The MCDA sheet asserts that riot was issued in 2424511-1, but the corresponding CRIMES sheet indicates that all charges were dismissed by DDA Kalbaugh. The

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No. 3:20-cv-01580-IM

4

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

CRIMES sheet also says "Officer Le recognized the protesters in this group as 'Antifa.'" Kalbaugh wrote "I am declining to issue charges."

i.  The MCDA sheet asserts that riot was issued in 2424513-1, but the corresponding CRIMES sheet indicates that riot was "RE/DM-DM." According to CRIMES

> Facts: [2424513-1] is protecting protestors on July 4th, 2020 by holding a shield and preventing officers from engaging and stopping the protestors who are shooting mortars and using lasers against the police. When officers move in to arrest [2424513-1] she fights with them

j.  The MCDA sheet asserts that riot was issued in 2426892-1, but the corresponding CRIMES sheet indicates that the riot charge was actually "RE/DM-DM." The CRIMES sheet also shows that MCDA concluded there was "Insufficient Evidence" for charges of even disorderly conduct.  At the same time, the CRIMES sheet entry describes the facts as follows:

> Officer Green observed a group of around 8 protestors standing a short distance from him with about 6 of the people holding shields facing the officers and not following orders to disperse, rather continuing to face and move towards officers. That Officer Green and others approached the group and attempted to intervene when one of the group, a male holding a wooden shield, later identified as [2426892-1], pulled his shield back, then lifted the shield up with both his hands and threw it at Officer Green who was about 2 feet away from him. The bottom of the shield hit Officer Green in the face and he stumbled backwards.

k.  The MCDA sheet asserts that riot was issued in 2426980-1, but the corresponding CRIMES sheet indicates that all charges were "RE/DM-DM" by DDA Kalbaugh and the case was closed.

l.  The MCDA sheet asserts that riot was issued in 2427620-1, but the corresponding CRIMES sheet indicates that riot was not charged.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

5

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

m. The MCDA sheet asserts that riot was issued in 2423065-1 and 2423065-2, but the corresponding CRIMES sheets indicate that riot was not charged. CRIMES says "Insufficient Evidence" for riot on 2423065-1 but "PENDREV" for 2423065-2.

n. The MCDA sheet asserts that riot was issued in 2423066-1 and 2423066-2, but the corresponding CRIMES sheets indicate that riot was not charged. CRIMES says "Insufficient Evidence" for riot on 2423066-1 and 2423066-2.

o. The MCDA sheet asserts that riot was issued in 2423069-1 and 2423069-2, but the corresponding CRIMES sheets indicate that riot was not charged. CRIMES says "Insufficient Evidence" for riot on 2423069-1 and 2423069-2.

12. In total, there appear to be 19 suspects who were referred to MCDA for riot charges where the MCDA "Riot Cases" sheet indicates charges issued but riot was actually not issued, not indicted, or later dismissed.

13. In total, according to the CRIMES sheets and the MCDA spreadsheet, there were 208 individual referrals to MCDA for riot charges.

14. Of those, the MCDA sheet lists 69 as having been issued, but a review of the associated CRIMES sheets shows that only 50 are actually facing riot charges.

15. Accordingly, there appear to be 158 individuals (of the 208) referred to MCDA for riot charges who are not facing a charge of riot.

16. Of the 50 individuals actually charged with riot, the associated CRIMES sheets show that each and every one of those individuals was charged with not only riot, but also charged with some additional crime or crimes.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

6

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

17. Stated another way, of all the crimes sheets provided by MCDA, it appears that there is not a single person charged with a stand-alone riot charge as is the case with Mr. Gibson and Mr. Schultz.

18. A review of CRIMES sheets and associated officers reports for the cases where riot was not charged is telling.

   a. According to CRIMES, MCDA did not file charges in 2426893-1.  A CRIMES sheet entry states "there clearly was a riot… When you went to arrest [2426893-1], [2426893-1] made a fist and tried to punch you… But the question will be does it rise to an attempted assault, BRD?"

   b. According to CRIMES, DDA Kalbaugh declined to file riot charges in 2427009-1, for the given reason of "Insufficient Evidence" even though his CRIMES entry notes that the officer "arrested [2427009-1] whom he had observed standing in the middle of the road with four other people as part of a "shield wall" during a mass protest that had turned violent." But according to the officer's report the officer "observed several individuals holding shields as items were being thrown over their heads towards officers" and "[the officer] know[s] based on [his] training and experience shields to be used offensively towards officers. The individuals holding shields were standing in the roadway facing officers as we moved closer."

   c. According to CRIMES, DDA Kalbaugh declined to file any charges in 2427010-1, for the given reason of "Insufficient Evidence."  Kalbaugh's own CRIMES entry reads as follows:

> On 9/5/20, law enforcement officers were attempting to arrest individuals in conjunction with criminal activities at a mass protest. OSP trooper

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

7

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

Jacob Fough observed an individual, later identified as [2427010-1], "pull on" an officer that was attempting to arrest a third party… I am unable to issue referred charges. Based on the facts as I understand them, the only violent and/or tumultuous activity in which [2427010-1] is alleged to have engaged in or otherwise participate in would be the action described as pulling on an officer who was attempting to arrest a third party.

d.  According to CRIMES, DDA Kalbaugh declined to file any charges in 2427011-1, including Riot, for "Insufficient Evidence." Kalbaugh's CRIMES entry reads as follows: "On 9/5/20, OSP Trooer Koenig arrested Defendant whom he had observed standing in the middle of the road with four other people as part of a "shield wall" during a mass protest that had turned violent."

e.  According to CRIMES, DDA Kalbaugh declined to file any charges in 2423807-1. According to the associated officer's report, "the Field Arrest team arrived on scene, they recognized [2423807-1] from earlier in the night for throwing rock(s) at their vehicle".

f.  According to CRIMES, DDA Kalbaugh declined to file any charges in 2424197-1.  A CRIMES entry describes the facts as follows:

The protest was declared an unlawful assembly and multiple sound truck announcements were made instructing protestors to leave the area. The crowd engaged in active aggression against the police, throwing objects and covering officers in paint… [2424197-1] was taken into custody, but kicked her legs out as one officer tried to control her arms. [2424197-1] yelled "fuck you" and flailed her legs, actively resisting arrest, striking and pushing officers.

g.  According to CRIMES, Kalbaugh declined to file charges in 2424353-1, because there was "Insufficient Evidence."  According to CRIMES, on 7/1/20, Kalbaugh wrote to the officer as follows:

Based on the reports as I understand them, the defendant was protesting with a number of other protesters at an incident that escalated into a riot. In your report you describe people engaging in violent acts with multiple

other people clearly satisfying the defintion of riot. Nothing in your report mentions whether this particular defendant was engaging in the violent acts you describe. Mere proximity to people rioting does not satisfy the legal requirement of "engaging in tumultuous and violent conduct" beyond a reasonable doubt. See for example State ex rel Juve Dept of Wash County v. Saechao, 167 Or 227 (2000). Nor does the fact that you found extra goggles and a jacket in her backpack cure the problem. Certainly, one reason someone may have a different jacket in his or her backpack could be to disguise themselves after committing a crime. But that conclusion does require a stacking of inferences which is not allowed under Oregon law. Had your report detailed an instance in which you or another officer actually saw this defendant (who by your description was cooperative) throw a projectile at an officer or something of that sort, I would be able to go forward with charges. Or even if she had incriminated herself when interviewed by the detective. But these facts, as I understand them, are insufficient to prove this case beyond a reasonable doubt.

h.  According to CRIMES, DDA Kalbaugh has not filed charges on 2423192-1. According to the associated officer's report "[2423192-1] was stopped as the driver of the suspect vehicle for participating in riot by distributing weapons to the rioters. Since the vehicle had previously eluded police officers, responding officers had attempted to box in her car. As officers went to make contact with her, [2423192-1] responded by ramming police cars until she was able to flee in her car almost hitting officers in the process."

i.  According to CRIMES, MCDA did not file any charges in 2427625-1. CRIMES also states that the case was "staffed w/ Kalbaugh." According to the officer's report:

> violent actors in the crowd threw projectiles at us including fireworks and mortars. We disengaged with the crowd around 2209[.] Around 2218 hours, violent actors lit the awning attached to the precinct on fire. Around 2219 hours, the sound truck declared the assembly a riot and gave more arrest and use of force warnings… Around 2230 hours, we had a Molotov cocktail thrown at us. One Officer was caught on fire. Through out the night we had multiple Molotov cocktails thrown at us along with fireworks and other hard objects… I saw a male dressed in all black with a gas mask and a backpack, later identified as [2427625-1] running with the group… Officer Wheeler and I were able to place [2427625-1] into flex cuffs… I inventoried [2427625-1]'s person and found a lighter, small can

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No. 3:20-cv-01580-IM

9

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

of pepper spray, and a firework in his front right pants pocket. Fireworks had been thrown at us all night long… Based on my prior experience, I know fireworks have the potential to cause injury.

j.  According to CRIMES, DDA Kalbaugh did not file any charges in 2424372-1. The officer's report notes

> Many of the individuals within the group were armed with various weapons to include shields, metal poles, sticks, pepper spray, fireworks, rocks, water bottles, and laser pointers among other items. As we were attempting to disperse the group many of the group was engaged in physical resistance. The crowd was pushing police, hitting police with items, and using shields push back at police. [2424372-1] was armed with a shield and numerous water bottles. [2424372-1] was actively engaged in physical resistance as he was resisting other officers attempt to place him into custody. In addition, [2424372-1] pushed me to the ground when I moved in to assist the other officers.

k.  According to CRIMES, DDA Kalbaugh did not file any charges in 2426885-1. The associated officer's report says:

> I observed multiple items including rocks, bottles, paint balloons and metal canisters being thrown toward me and my squad. During the course of the event I was hit by a rock in the shin and a paint balloon exploded on my shoulder… [2426885-1] was wearing a protective helmet, lab goggles, and had a gas mask clipped onto his pants. I told [2426885-1] something to the effect of "get out of the street." I heard [2426885-1] yell "I am going to kill your families." [2426885-1] then looked at me and yelled "I am going to kill your kids." [2426885-1] had an aggressive stance and seemed to be actively pursuing me while making death threats against my family.

l.  According to CRIMES, DDA Kalbaugh did not file any charges in 2425926-1. The CRIMES entry attributed to Kalbaugh on 8/13/20 says:

> On 8/13/20, shortly after midnight, numerous law enforcement officers were dealing with a mass protest outside of the Federal Courthouse and the Multnomah County Justice Center in downtown Portland. PPB Officer Dustin Barth observed an individual, later identified as [2425926-1], in a physical confrontation with several unidentified officers… Officer Barth observed [2425926-1] hit one of the officers in the head and kick at one or more additional officers…

DECLARATION OF D. ANGUS LEE IN SUPPORT OF MEMORANDUM ON JURISDICTION
No. 3:20-cv-01580-IM

10

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

m. According to CRIMES, MCDA did not file charges in 2426882-1.  According to the

associated officer report, the officer "saw [2426882-1] was carrying a round shield,

which protesters often use as weapons against officers."  A CRIMES sheet entry states:

> …to PPB Ofc. Amelia Flohr: First of all, thank you for how you wrote
> your report to include some background information. Here, on 9/5/20 you
> arrested suspect [2426882-1] for Riot and IPO. There were people in the
> crowd who were throwing rocks at OSP, and a Molotov cocktail hit a
> protester, lighting them on fire. The PPB sound truck clearly informed
> people to disperse. This suspect was arrested after 2 hours of
> announcements to leave the area. She was not observed throwing
> anything, and she also did not have on her person anything that was
> connected to the weapons being thrown.

n. According to CRIMES, MCDA did not file charges in 2426914-1.  A CRIMES sheet

entry states:

> This is my decline memo to PPB… I know that extraordinary resouces are
> expended by PPB in responding to these riots, and that PPB is trying to
> keep everyone, and property, safe. You arrested suspect [2426914-1]
> 9/6/2020 after several hours of announcements by PPB sound truck. She
> did not dispurse, and was in thick of people who were throwing items
> toward the police… As far as the rioting charge…She did have two
> fireworks on her person. But she explained that she just found them and
> just picked them up because she did not want kids finding them.

o. According to CRIMES, no charges have been filed in 2423482-1, where "the Portland

Police Bureau sound truck give the announcement that an unlawful assembly was being

declared and… Officer Sanders and Lieutenant Schoening observed Defendant remain in

the area, and throw a large glass bottle hard at the line of police officers."

p. According to CRIMES no charges have been filed in 2423809-1, where the defendant

"swing his fists" and "hit [a police office] in the face."

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

11

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

q. According to CRIMES no charges have been filed in 2424227-1.  According to the associated officer's report the suspect "was actively shoving against officers and refusing to get out of the street."

r. According to CRIMES no charges have been filed in 2426409-1.  The associated officer's report reads as follows:

> I encountered [2426409-1] at that time…It was a chaotic scene. The conduct of the crowd (vandalism, shouting vulgar slogans, fighting with police, throwing projectiles, etc.) was enough to constitute tumultuous and violent conduct, which could recklessly create a grave risk of causing public alarm… [2426409-1] and another, unknown, female came rushing northbound toward the crowd's confrontation with police. [2426409-1] and her associate entered the lanes of traffic and formed a "human chain" to pull one would-be custody from a single officer's grasp. [2426409-1] was in the back and the other individual had her hands on the person being arrested.

s. According to CRIMES no charges have been filed in 2426865-1.  The officer's report paints a vivid picture:

> In the first interaction police had with rioters on this night molotov cocktails, numerous mortar style fireworks, balloons filled with paint, buckets filled with paint, ball bearing type objects, rocks, and bottles were thrown at police. A riot was almost immediately declared at 2117 hours due to this incredibly unsafe and rapidly evolving chaotic environment.  I personally was hit with numerous paint balloons on this night and my uniform was covered in paint and ruined. I was also hit with extremely hot pieces of mortar fireworks which were thrown right next to me and exploded next to me.  This was the most violent and most dangerous night that I have yet experienced during this campaign of riots. This crowd was out of control and incredibly dangerous towards police and any other innocent people in the area… This crowd had thrown buckets of paint, and balloons filled with paint at us, numerous fireworks, and ball bearing type objects…I ran towards the crowd and picked out one male wearing a black backpack, black hat, a mask, and all black clothing. This male was later identified as [2426865-1]…I performed a takedown on him… I unzipped [2426865-1]'s backpack and sure enough discovered a container of paint which had opened and leaked in his backpack…  The inside of [2426865-1]'s backpack was covered in white paint.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

t.  According to CRIMES, MCDA declined to file any charges in 2424362-1.  The officer's

report reads:

> There was a large crowd of over a hundred demonstrators which had been
> blocking the streets on N Lombard St for several hours at this point in
> time. I was made aware members of the crowd were verbalizing intent for
> violence, throwing various objects at police officers, arming themselves
> with sticks and shields, and demonstrating other violent behaviors….
> During this assistive action I was able to observe a male, later identified as
> [2424362-1], who seemed to be actively trying to fight Ofc. PAVON []
> and Ofc. HAASE [] to prevent himself from being taken into custody.

u.  According to CRIMES, MCDA declined to file any charges in 2424364-1.  A CRIMES

entry on 7/30 says:

> I have recieved the supplemental report written by Detective Michaels. I
> am declining to issue charges because I do not believe the state could
> prove riot, IPO, or disorderly conduct beyond a reasonable doubt. The riot
> statute states a "person commits the crime of riot if while participating
> with five or more other persons the person engages in tumultuous and
> violent conduct and thereby intentionally or recklessly creates a grave risk
> of causing public alarm." In this case it sounds like a riot was occurring,
> but there is no evidence that this defendant was participating in that riot.
> Mere presence is not enough to be found guilty of riot.

v.  According to CRIMES, MCDA declined to file any charges in 2424365-1.  A CRIMES

entry states:

> I have received and reviewed Officer Giles report and I am declining to
> issue charges because I do not think the state would overcome a motion
> for judgment of acquital on the charges of riot and IPO. The riot statute
> states "a person commits the crime of riot if while participating with five
> or more other persons the person engages in tumultuous and violent
> conduct and thereby intentionally or recklessly creates a grave risk of
> causing public alarm." Although a riot may have been occurring there is
> no evidence that this defendant was engaging in the type of behavior
> required by the elements of the riot statute.

w.  According to CRIMES, MCDA declined to file any charges in 2424367-1.  A CRIMES

entry states as follows:

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

13

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

The protest became violent, with protestors throwing rocks, balloons filled with paint and urine, and water bottles at the police officers. In addition, protestors were shining green lasers into the eyes of police officers, which can cause vision damage, and lighting items on fire… Ramic reports that he observed observed [2424367-1] in the middle of the street at Lombard and Kerby. The Sound truck made multiple warnings that this was an unlawful assembly, but [2424367-1] did not leave and stood his ground as officers advanced. Ramic reports that he arrested [2424367-1] … and that [2424367-1] had 3 water bottles in his pockets.

x.  According to CRIMES, MCDA declined to file any charges in 2424994-1.  According to CRIMES the DDA wrote to the officer "In your report you stated that [2424994-1] threw a water bottle at police officers while yelling 'fuck you pigs.' Although this would certainly be viewed at 'tumultuous and violent conduct' I believe the state would not be able to prove that this act created a 'grave risk of causing public harm.'"

y.  According to CRIMES, MCDA declined to file any charges in 2425029-1.  A CRIMES entry says the officer "saw unknown Ofc documenting demonstration. [2425029-1] advanced on Ofc and kicked/stomped feet at Ofc's legs multiple times. [officer] Duarte and another Ofc intervened. [2425029-1] then punched pushed at them."

z.  According to CRIMES, MCDA declined to file any charges in 2425622-1.   The associated officer's report says:

> I witnessed both [2425622-1] and her friend use [skateboards] as a weapon to push back towards officers. I witnessed two officers move out of way after they tried to jab officers with the skateboards…. I again saw [2425622-1] in the middle of the street. [2425622-1] tried to antagonize officers and tried to provoke other protesters to incite violence. [2425622-1] yelled that we deserved to get shot or killed and wanted more projectiles tossed at us… We pushed them northbound on N Denver from Lombard and again I encountered [2425622-1] in the middle of the street armed with her skateboard. It was clear that [2425622-1] used it as both a shield and weapon. She gestured her skateboard like she was going to use it to attack us.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No. 3:20-cv-01580-IM

14

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

aa. According to CRIMES, MCDA declined to file charges in 2425629-1, including Riot. The associated officer's report says "[2425629-1] was intentionally attempting to hit and injure officers moving the unlawful crowd. [2425629-1] threw a projectile and ran back with rest of the unlawful crowd… [2425629-1] fought, kicked, punched and attempted to bite … [2425629-1] "kicked his leg forward, and kicked [an officer] in the chest…"

bb. According to CRIMES, MCDA has not filed charges in 2425735-1.  The CRIMES fact summary states:

> The demonstration had been declared an unlawful assembly. Officer Dyk saw people throwing frozen eggs, among other things, at police officers. RRT Officer Le recognized [2425735-1] and saw him standing behind a wall of shields throwing frozen eggs. Officer Le saw [2425735-1] throw at least 20 eggs at officers. Officer Le captured [2425735-1] throwing eggs on his bureau phone. Officer Le told Det Fields one of the eggs hit his patrol car and shattered, which is how he knew it was frozen. RRT Officer Brunelle saw a male, later identified as [2425735-1], throwing at least 4 eggs at officers. Officer Brunelle reported the eggs were frozen and one struck him…. [2425735-1] said he would be back the next night to fight them again.

cc. According to CRIMES, MCDA did not file charges in 2426019-1.  The CRIMES entry notes there was "Insufficient Evidence" for the charge of riot.  The MCDA entry on 8/17/20 is telling:

> This is my 8/17/20 memo to PPB Ofc. Bryan Anderson 52713: While you had PC to arrest [2426019-1] for some of the referred charges from 8/16/20 event of some protestors attacking East Precinct and other police assets, I do not believe that we would be prevail BRD on any of them… That said, I want to emphasize to you that I absolutely know that what occurred on 8/16/20 outside of East Precinct was in fact a riot, that certain members of the crowd in fact committed chargeable crimes such as attempted APSO and felony criminal mischief. But I cannot prove that THIS suspect engaged in anything other than being present in a crowd of people that did not obey a lawful order to disperse.  There were clearly other bad actors in the crowd. I recognize that him being outfitted with a plywood shield and goggles puts him in the group that was on the front

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

15

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

line aggressively confronting the police, and also provided cover to those in the crowd that were launching projectiles that broke car glass and dented the metal of multiple police cars. (Aid and Abet, while viable, requires that we prove that was the specific intent, and we do not have any evidence here that the shield was being used for anything other than personal protection.) There is no observation of HIM doing anything that could be reasonably described as engaging in tumultuous and violent conduct. (Again, I realize that there were some crowd members, if not many, if not most, who were clearly engaging in that conduct.) So we cannot prove riot…. I realize it is extremely frustrating and daunting to put your safety at risk when engaging with a crowd intent on causing harm to you, who openly and brazenly chant "every city, every town, burn the precinct to the ground," and "Only good cop is a dead cop."

dd. According to CRIMES, MCDA did not file charges in 2426025-1.  The CRIMES facts

summary states as follows:

The Portland Police Bureau declared the demonstration an unlawful riot… Officer Ianos saw a male, later identified as [2426025-1], standing with a shield and push the shield into an officer's face… [2426025-1] initially ran to the East, but then turned around and came back toward officers yelling, "Let's go," "You fucking pussy," "I'm going to jail you mother fuckers," "I'll fucking kill you all." [2426025-1] then took his shirt off of his neck and charged at officers who were in the process of arresting a female. A bystander grabbed [2426025-1]'s shirt to hold him back. [2426025-1] took the shirt off and continued toward the officers with his fists balled up."

ee. According to CRIMES, MCDA did not file charges in 2426060-1, including Riot.  The

CRIMES entry says:

The demonstration had been declared a riot and demonstrators were ordered to leave the area. Officer Middleton received orders to begin moving a group of 20-30 people away from the building. As he walked toward the group, he heard a person, later identified as [2426060-1], yell out, "Fuck you, asshole." Officer Middleton turned toward [2426060-1], who was approximately four feet away, and saw him finishing a throwing motion. He then felt something hard hit him in the face mask that he suspected was a rock about the size of his fist.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

16

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ff. According to CRIMES, MCDA did not file charges in 2426124-1.  The CRIMES entry

says

> Portland Police Detective Baer was also on duty as a member of RRT and
> saw the officers engaging [2426124-1]. It looked to her like they were
> trying to push him east and get his shield away from him. Detective Baer
> looked away, then looked back and saw [2426124-1] swinging his shield
> at officers hitting them in the helmet and chest.

gg. According to CRIMES, MCDA did not file charges in 2426261-1, including Riot.  The

CRIMES entry says "Officer Bieker saw [2426261-1] spinning around wildly swinging

his elbows around with clinched fists… [2426261-1] closed the distance and began

pushing and throwing fists at Officer Bieker. A few made contact with Officer Bieker."

hh. According to CRIMES, MCDA did not file charges in 2426284-1.  The CRIMES fact

summary states "Officer Ianos' use of force report reflects that as Oficer Ianos observed

[2426284-1] punch Oficer Hancock in the face, he ran towards [2426284-1] yelling at

[2426284-1] to get off. That Officer Ianos then observed [2426284-1] continue to hold

Officer Hancock's vest with one hand and cock his other arm back in a fist."

ii. According to CRIMES, MCDA did not file charges in 2426288-1.  The CRIMES entry

states [2426288-1] "grabbed onto Officer Scott's vest and tried to pull Officer Scott off of

the person that he was trying to arrest. Officer Hancock then grabbed the back of

[2426288-1] and pulled her off of Officer Scott. After pulling [2426288-1] off of Officer

Scott, Officer Hancock released [2426288-1] and [2426288-1] then punched Officer

Hancock in the face."

jj. According to CRIMES, MCDA did not file charges in 2426349-1.  According to the

associated report:

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

17

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

[2426349-1] was facing officers across the street and yelling for approximately thirty minutes while officers secured the area and transferred custodies. [2426349-1] was yelling inflammatory statements which appeared to be intended to incite the crowd, including (para-phrased): "Why don't you put down your badge and meet me down the street and we can handle this, bitches." "How do you spell Nazi? P-P-B."… I observed [2426349-1] yelling and attempting to incite the crowd (members of which continued to throw projectiles, shine lasers and barricade the street) rather than disperse as instructed. [2426349-1]'s behavior was tumultuous and threatening and his position on the roadway was also obstructing vehicular traffic.

kk. According to CRIMES, MCDA did not file charges in 2426354-1, including Riot. According to the associated officer's report, "[2426354-1] had a object in his hand and attempted to strike me with it.  The crowd was very hostile, members of the crowd had shields and had made various threats to officers and were a resisting officers who were trying to take people into custody."

ll. According to CRIMES, MCDA did not file charges in 2426551-1.  The associated officer's report says "I contacted one rioter, later identified as [2426551-1], in the parking lot and grabbed him by the backpack… Two large rocks were located in [2426551-1]'s back left pocket that were large enough to cause injury… Rocks have been used regularly during the last 92 days as projectiles thrown at officers and have caused significant injury."

mm.    According to CRIMES, MCDA did not file charges in 2426687-1, including Riot. According to the CRIMES sheet, MCDA determined that there was "insufficient evidence of a riot." But according to the officer's report,

at the mayor's residence; on scene the protesters had started a fire in the middle of the road, were breaking widows to businesses and were throwing objects at officers… The protests were declared unlawful, and ultimately declared a riot with multiple announcements given to vacate the

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

18

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

> streets and disperse… I observed a male later identified as [2426687-1] who was screaming at officers, and went up to one of the RRT officers, slightly bumped/ stopped with his chest close to the chest of the officer, and began yelling at the officer.  As the line of officers including myself began moving forward after the crowd was instructed to move W/B onto NW Flanders, [2426687-1] began focusing his attention on me and began yelling: "you stand there like a monkey," along with other profanities.

nn. According to CRIMES, MCDA did not file charges in 2426869-1.  A CRIMES sheet

entry reads as follows:

> Here, while some unidentified rioters were throwing dangerous objects toward police, including molotov cocktails, rocks, and fireworks. I cannot connect [2426869-1] to any of that violent behavior… He did have spray paint. He also was using a flashlight on strobe, probably to distract the police from legitimate law enforcement actions, or to provide cover for incoming projectiles. But I cannot prove either of those BRD.

oo. According to CRIMES, MCDA did not file charges in 2426870-1. According to the

CRIMES sheet,

> OSP officers reported that members of the large group of protesters (400-500 people, by your estimate) began throwing projectiles at the officers, including rocks. You responded to the area to assist OSP, and you observed a Molotov cocktail land and burst into flames near the line of OSP officers. At 2115 hours a riot was declared and the crowd was instructed to disperse. As you moved to disperse the crowd, you were hit by projectiles, including fireworks, paint, and rocks. While attempting to disperse a crowd at SE 108th and Stark, you observed [2426870-1] walking backwards in the street, wearing a helmet and face mask, and appeared to be using his body to blocking view of the large crowd of people behind him, some of whom were throwing objects at police… Sims reports that [2426870-1] had a laser pointer in his possession".

pp. According to CRIMES, MCDA did not file any charges in 2427616-1.  A CRIMES entry

states "the reports I receive did not [contain] sufficient information to prove the referred

charge." However, the officer's report reads as follows:

> [suspect 1] and [2427616-1] had been arrested together and were believed to be involved in a Molotov cocktail that had been thrown at PPB Officers. Detective Wollstein told me ATF and FBI agents informed him that they

witnessed [suspect 1] lighting PPB Central Precinct on fire on the North side of the building where there was plywood covering a window. The agents also told Detective Wollstein they saw him light the awning on fire on the East side of the precinct. The agents maintained visual of [suspect 1] as he walked into the park on the west side of central precinct. [suspect 1] then lit a Molotov cocktail and threw the bottle towards a line of officers but the device failed to ignite. The agents continued watching [suspect 1] and [2427616-1] as they were leaving the area and were arrested by Officer Townley.

qq. According to CRIMES, MCDA did not file any charges in 2427735-1. A CRIMES entry

describes the facts as follows:

Officer Livingston was on the west curb line and saw a female, later identified as [2427735-1], standing in front of her on the sidewalk. [2427735-1] was standing in a crowd that had been throwing projectiles at the officers including fireworks, bottles, and rocks. [2427735-1] told Officer Livingston she would not let the officers "take one of us," saying she would take them back. Officer Livingston saw officers taking a person into custody and saw [2427735-1] step out into the road toward them. Officer Livingston told [2427735-1] to get back on the sidewalk. She did not. Officer Livingston told her to get back on the sidewalk two more times. [2427735-1] refused. Officer Livingston used her baton and attempted to push [2427735-1] back onto the sidewalk. [2427735-1] pushed the baton back at Officer Livingston, then pushed Officer Livingston back by her vest. Portland Police Officers Terrett and Green stepped in and tried to take [2427735-1] into custody. … Officer Livingston searched [2427735-1] and found that she was wearing a protective vest under her sweatshirt and had three large rocks in her back left pocket. Portland Police Detective Burkeen received [2427735-1]'s property and found that she had body armor, a gas mask, rocks, and a morter firework. Detective Burkeen spoke to [2427735-1] who said she… did not remember whether she punched an officer but said she did put up a fight."

19. Attached as **Exhibit B** is a true copy of the information filed against Joseph Gibson.

I hereby declare that the above statement is true to the best of my knowledge and belief,

and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No. 3:20-cv-01580-IM

20

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this Friday, January 8, 2021

*/s/ D. Angus Lee*
D. ANGUS LEE

DECLARATION OF D. ANGUS LEE IN
SUPPORT OF MEMORANDUM ON
JURISDICTION
No. 3:20-cv-01580-IM

21

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

# EXHIBIT A

DECLARATION OF D. ANGUS LEE
IN SUPPORT OF MEMORANDUM ON
JURISDICTION
No.  3:20-cv-01580-IM

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2423049-1 | 5/31/2020 | FELONY | UA | WARR | ISSUED |
| 2423050-1 | 5/31/2020 | FELONY | UD | CLOSED | ISSUED |
| 2423050-2 | 6/1/2020 | FELONY | UD | CLOSED | ISSUED |
| 2423053-1 | 5/31/2020 | FELONY | UA | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423064-1 | 5/31/2020 | FELONY | UA | OPEN | ISSUED |
| 2423065-1 | 5/31/2020 | FELONY | UA | OPEN | ISSUED |
| 2423065-2 | 5/31/2020 | FELONY | UA | PENDR | ISSUED |
| 2423066-1 | 5/31/2020 | MISDEMEANOR | DC | CLOSED | ISSUED |
| 2423066-2 | 5/31/2020 | MISDEMEANOR | DC | CLOSED | ISSUED |
| 2423068-1 | 5/31/2020 | FELONY | UA | CLOSED | REJECTED |
| 2423068-2 | 5/31/2020 | FELONY | UA | CLOSED | REJECTED |
| 2423069-1 | 5/31/2020 | FELONY | UA | OPEN | ISSUED |
| 2423069-2 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423070-1 | 5/31/2020 | FELONY | UA | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423070-2 | 5/31/2020 | FELONY | UA | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423071-1 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423090-1 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423090-2 | 6/1/2020 | FELONY | UA | CLOSED | ISSUED |
| 2423090-3 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423090-4 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423094-1 | 6/1/2020 | FELONY | UC | CLOSED | ISSUED |
| 2423096-1 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423100-1 | 6/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2423104-1 | 6/1/2020 | FELONY | UD | OPEN | ISSUED |
| 2423118-1 | 6/1/2020 | FELONY | UC | CLOSED | ISSUED |
| E2423125-1 | 6/1/2020 | FELONY | UD | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423166-1 | 6/2/2020 | FELONY | UA | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423192-1 | 6/3/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423195-1 | 6/3/2020 | FELONY | UA | CLOSED | REJECTED |
| 2423202-1 | 6/3/2020 | FELONY | UC | CLOSED | REJECTED |
| 2423252-1 | 6/4/2020 | FELONY | UD | PENDR | ISSUED |

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

GIBSON_MCDA_029970

EXHIBIT A 01 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2423360-1 | 6/5/2020 | FELONY | UD | OPEN | ISSUED |
| 2423408-2 | 6/8/2020 | FELONY | UD | OPEN | ISSUED |
| 2423422-1 | 6/8/2020 | FELONY | UD | CLOSED | REJECTED |
| 2423482-1 | 6/8/2020 | FELONY | UC | PENDRR | PENDING REVIEW/RE-REVIEW |
| 2423491-1 | 6/8/2020 | FELONY | UA | OPEN | ISSUED |
| 2423597-1 | 6/11/2020 | FELONY | UA | OPEN | ISSUED |
| 2423672-1 | 6/12/2020 | FELONY | UD | PENDR | PENDING REVIEW/RE-REVIEW |
| 2423807-1 | 6/16/2020 | FELONY | UC | CLOSED | REJECTED |
| 2423808-3 | 6/22/2020 | FELONY | UA | CLOSED | REJECTED |
| 2423809-1 | 6/16/2020 | FELONY | UD | PENDRR | PENDING REVIEW/RE-REVIEW |
| 2423878-1 | 6/17/2020 | FELONY | UA | CLOSED | REJECTED |
| 2423904-1 | 6/17/2020 | FELONY | UC | OPEN | ISSUED |
| 2424154-1 | 6/24/2020 | FELONY | UC | OPEN | ISSUED |
| 2424197-1 | 6/28/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424198-1 | 6/28/2020 | FELONY | UA | OPEN | ISSUED |
| 2424227-1 | 6/29/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2424349-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424350-1 | 7/1/2020 | FELONY | UA | CLOSED | REJECTED |
| 2424353-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424355-1 | 7/1/2020 | FELONY | UA | CLOSED | REJECTED |
| 2424356-1 | 7/1/2020 | FELONY | UC | OPEN | ISSUED |
| 2424357-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424362-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424364-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424365-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424367-1 | 7/1/2020 | FELONY | UA | CLOSED | REJECTED |
| 2424372-1 | 7/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424473-1 | 7/5/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424476-1 | 7/6/2020 | FELONY | UA | PENDRR | PENDING REVIEW/RE-REVIEW |
| 2424477-1 | 7/6/2020 | FELONY | UC | CLOSED | ISSUED |
| 2424485-1 | 7/6/2020 | MISDEMEANOR | DC | OPEN | ISSUED |

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

GIBSON_MCDA_029971

EXHIBIT A 02 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2424511-1 | 7/6/2020 | FELONY | UC | CLOSED | ISSUED |
| 2424513-1 | 7/6/2020 | FELONY | UC | OPEN | ISSUED |
| 2424522-1 | 7/6/2020 | FELONY | UA | PENDRR | ISSUED |
| 2424529-1 | 7/6/2020 | FELONY | UA | OPEN | ISSUED |
| 2424536-1 | 7/6/2020 | FELONY | UC | OPEN | ISSUED |
| 2424536-2 | 7/7/2020 | FELONY | UC | OPEN | ISSUED |
| 2424602-1 | 7/7/2020 | FELONY | UA | WARR | ISSUED |
| 2424607-1 | 7/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2424668-1 | 7/9/2020 | FELONY | UC | OPEN | ISSUED |
| 2424696-1 | 7/10/2020 | FELONY | UC | OPEN | ISSUED |
| 2424715-1 | 7/10/2020 | FELONY | UA | PENDR | PENDING REVIEW/RE-REVIEW |
| 2424994-1 | 7/19/2020 | FELONY | UC | CLOSED | REJECTED |
| 2425000-1 | 7/20/2020 | FELONY | UD | OPEN | ISSUED |
| 2425029-1 | 7/20/2020 | FELONY | UD | CLOSED | REJECTED |
| 2425035-1 | 7/20/2020 | FELONY | UC | PENDR | ISSUED |
| 2425058-1 | 7/20/2020 | FELONY | UD | CLOSED | REJECTED |
| 2425325-1 | 7/29/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2425502-1 | 8/3/2020 | FELONY | UA | OPEN | ISSUED |
| 2425612-1 | 8/6/2020 | FELONY | UD | OPEN | ISSUED |
| 2425622-1 | 8/6/2020 | FELONY | UC | CLOSED | REJECTED |
| 2425629-1 | 8/6/2020 | FELONY | UC | CLOSED | REJECTED |
| 2425635-1 | 8/6/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2425636-1 | 8/6/2020 | FELONY | UC | CLOSED | REJECTED |
| 2425679-1 | 8/7/2020 | FELONY | UA | CLOSED | REJECTED |
| 2425683-1 | 8/7/2020 | FELONY | UA | OPEN | ISSUED |
| 2425735-1 | 8/10/2020 | FELONY | UD | CLOSED | REJECTED |
| 2425753-1 | 8/10/2020 | FELONY | UD | OPEN | ISSUED |
| 2425762-1 | 8/10/2020 | FELONY | UC | CLOSED | REJECTED |
| 2425926-1 | 8/13/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426000-1 | 8/17/2020 | FELONY | UA | OPEN | ISSUED |
| 2426019-1 | 8/17/2020 | FELONY | UC | CLOSED | REJECTED |

GIBSON_MCDA_029972

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

EXHIBIT A 03 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2426025-1 | 8/17/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426039-1 | 8/17/2020 | FELONY | UD | OPEN | ISSUED |
| 2426058-1 | 8/17/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426060-1 | 8/17/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426124-1 | 8/19/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426226-1 | 8/23/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426227-1 | 8/23/2020 | FELONY | UD | OPEN | ISSUED |
| 2426236-1 | 8/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426238-1 | 8/24/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426261-1 | 8/24/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426262-1 | 8/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426266-1 | 8/24/2020 | FELONY | UC | PENDRR | PENDING REVIEW/RE-REVIEW |
| 2426274-1 | 8/24/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426282-1 | 8/24/2020 | FELONY | UC | PENDRR | PENDING REVIEW/RE-REVIEW |
| 2426284-1 | 8/24/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426288-1 | 8/24/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426311-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426312-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426313-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426313-2 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426331-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426336-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426339-1 | 8/25/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426344-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426347-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426349-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426351-1 | 8/25/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426354-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426357-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426359-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426362-1 | 8/25/2020 | FELONY | UC | CLOSED | REJECTED |

GIBSON_MCDA_029973

EXHIBIT A 04 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2426363-1 | 8/25/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426409-1 | 8/26/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426546-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426547-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426549-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426550-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426551-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426560-1 | 8/30/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426561-1 | 8/31/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426567-1 | 8/31/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426575-1 | 8/31/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426593-1 | 8/31/2020 | FELONY | UB | OPEN | ISSUED |
| 2426655-1 | 9/1/2020 | FELONY | UA | OPEN | ISSUED |
| 2426658-1 | 9/1/2020 | FELONY | UA | CLOSED | REJECTED |
| 2426661-1 | 9/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426684-1 | 9/1/2020 | FELONY | UD | OPEN | ISSUED |
| 2426687-1 | 9/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426688-1 | 9/1/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426865-1 | 9/7/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426866-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426868-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426869-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426870-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426871-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426874-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426875-1 | 9/7/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426877-1 | 9/7/2020 | FELONY | UD | OPEN | ISSUED |
| 2426878-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426879-1 | 9/7/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426880-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426881-1 | 9/7/2020 | FELONY | UD | CLOSED | REJECTED |

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

GIBSON_MCDA_029974

EXHIBIT A 05 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2426882-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426884-1 | 9/7/2020 | MISDEMEANOR | DC | OPEN | ISSUED |
| 2426885-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426886-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426888-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426889-1 | 9/7/2020 | FELONY | UD | OPEN | ISSUED |
| 2426890-1 | 9/7/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426892-1 | 9/7/2020 | MISDEMEANOR | DC | OPEN | ISSUED |
| 2426893-1 | 9/7/2020 | FELONY | UD | CLOSED | REJECTED |
| 2426899-1 | 9/7/2020 | FELONY | UD | OPEN | ISSUED |
| 2426902-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426904-1 | 9/8/2020 | FELONY | UC | OPEN | ISSUED |
| 2426904-2 | 9/10/2020 | FELONY | UC | WARR | ISSUED |
| 2426906-1 | 9/8/2020 | FELONY | UD | OPEN | ISSUED |
| 2426913-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426914-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426944-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426976-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426977-1 | 9/8/2020 | FELONY | UC | OPEN | ISSUED |
| 2426980-1 | 9/8/2020 | FELONY | UC | OPEN | ISSUED |
| 2426982-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426987-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426988-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426989-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2426990-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| E2426991-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426992-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426993-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426994-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426997-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2426998-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |

GIBSON_MCDA_029975

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

EXHIBIT A 06 of 07

| DA CASE NBR | RECEIVED DATE | ASSIGNED COURT | UNIT | DEFENDANT STATUS | SUBCATEGORY |
|---|---|---|---|---|---|
| 2427000-1 | 9/8/2020 | FELONY | UC | CLOSED | REJECTED |
| 2427001-1 | 9/8/2020 | FELONY | UD | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427005-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427007-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427008-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427009-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427010-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427011-1 | 9/8/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427022-1 | 9/9/2020 | FELONY | UC | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427063-1 | 9/10/2020 | FELONY | UD | PENDR | PENDING REVIEW/RE-REVIEW |
| 2427603-1 | 9/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2427611-1 | 9/24/2020 | FELONY | UA | OPEN | ISSUED |
| 2427615-1 | 9/24/2020 | FELONY | UC | WARR | ISSUED |
| 2427616-1 | 9/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2427620-1 | 9/24/2020 | MISDEMEANOR | DC | OPEN | ISSUED |
| 2427622-1 | 9/24/2020 | FELONY | UC | OPEN | ISSUED |
| 2427623-1 | 9/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2427624-1 | 9/24/2020 | FELONY | UC | OPEN | ISSUED |
| 2427625-1 | 9/24/2020 | FELONY | UC | CLOSED | REJECTED |
| 2427722-1 | 9/28/2020 | FELONY | UC | OPEN | ISSUED |
| 2427727-1 | 9/28/2020 | FELONY | UD | OPEN | ISSUED |
| 2427735-1 | 9/28/2020 | FELONY | UD | CLOSED | REJECTED |

GIBSON_MCDA_029976

CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER

EXHIBIT A 07 of 07

# EXHIBIT B

DECLARATION LEE I/S/O
MEMORANDUM ON JURISDICTION
No.  3:20-cv-01580-SB

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

## In the Circuit Court of the State of Oregon
## For Multnomah County

STATE OF OREGON

                      Plaintiff,

                      v.

JOSEPH OWAN GIBSON
DOB:  11/08/1983

                      Defendant(s).

| Court Nbr | DA   2407866-1 |
|-----------|----------------|
| Crime Report PP 19-141483 | |
| PP 19-143459 | |
| PP 19-141889 | |
| PP 19-680568 | |

**Information of District Attorney**

ORS 166.015 (1)

The above-named defendant(s) is accused by this information of the crime(s) of COUNT 1 - RIOT, committed as follows:

### COUNT 1
### RIOT

The said Defendant(s), **JOSEPH OWAN GIBSON**, on or about May 01, 2019, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, while participating with 5 or more other persons engage in tumultuous and violent conduct thereby intentionally and recklessly creating a grave risk of causing public alarm, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon,

Dated at Portland, Oregon, in the county aforesaid, on AUGUST 12, 2019.

KALBAUGH OSB 074335

                      ROD UNDERHILL (883246)
                      District Attorney
                      Multnomah County, Oregon

                      By
                      Issuing Deputy, OSB #074335

Security Amount    (Def - GIBSON) $5,000

Uniform Complaint

#### AFFIRMATIVE DECLARATION

The District Attorney hereby affirmatively declares for the record, as required by ORS 161.566, upon the date scheduled for the first appearance of the defendant, and before the court asks under ORS 135.020 how the defendant pleads to the charge(s), the State's intention that any misdemeanor charged herein proceed as a misdemeanor.

Pursuant to 2005 Or Laws ch. 463 sections 1 to 7, 20(1) and 21 to 23, the State hereby provides written notice of the State's intention to rely at sentencing on enhancement facts for any statutory ground for the imposition of consecutive sentences codified under ORS 137.123 on these counts or to any other sentence which has been previously imposed or is simultaneously imposed upon this defendant.

**INFORMATION OF DISTRICT ATTORNEY**

EXHIBIT B 01 of 01