James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:  503-227-1011
*Attorney for Plaintiff Joseph Gibson*

D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
E-mail: Angus@AngusLeeLaw.com
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Tel:  360.635.6464
*Attorney for Joseph Gibson and Russell Schultz*

THE HONORABLE KARIN J. IMMERGUT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE SCHMIDT, individually and in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,<br><br>Defendants. | Case No. 3:20-CV-01580-IM<br><br>**PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF**<br><br>(Oral Argument Requested) |

**Local Rule 7.1 Certification**

I certify that in compliance with Local Rule 7.1, the undersigned counsel made a good faith effort through e-mail to confer to resolve the dispute, but has been unable to do so.

**MOTION**

Plaintiffs hereby move, pursuant to Rule 60 of the Federal Rules of Civil Procedure, and this Court's inherent authority to modify its own protective orders, for an order modifying the Protective Order previously entered by this Court on November 30, 2020 to add an additional paragraph stipulating that:

> Nothing in this Productive Order shall prevent plaintiffs from utilizing materials designated as "Confidential" or "Attorneys' Eyes Only" in the related Multnomah County Circuit Court Case No. 19CR53042, or related state administrative proceedings under appropriate protective orders. It shall be for the Multnomah County Circuit Court and such agencies to determine whether and to what extent such use shall be allowed.

A copy of the Protective Order, interlineated to add this material in a new paragraph 17, is attached hereto as Exhibit 1.

**MEMORANDUM**

This Court's opinion and order of February 26, 2021 abstained from exercising jurisdiction and dismissed plaintiffs' claims without prejudice on the ground that they should be presented to the Multnomah County Circuit Court in the first instance. *See* Opinion and Order at 14 ("[c]riminal defendants in Oregon state court can and do raise federal constitutional challenges based on claims of vindictive and selective prosecution at the trial court level"); 23 ("[p]laintiffs can raise the same claim in their state criminal proceedings where it can be fully and fairly litigated").

A substantial body of evidence from the CRIMES database is relevant to the claims plaintiffs have been directed in state court, including numerous documents authored by the very same prosecutors prosecuting plaintiff, showing a radically different construction of the riot statute afforded to BLM/Antifa protestors.  *See, e.g.*, 1/8/21 Lee Decl. ¶ 18 [Doc. No. 51, at 7-10].  This Court noted the "incidents of allegedly more extreme conduct from the George Floyd protests when uncharged pursuant to the non-prosecution policy" (Opinion at 20),[1] but found that plaintiffs had not demonstrated "sufficient concrete evidence" to show bad faith (*id.* at 21).

Before the Circuit Court, plaintiffs do not intend to simply rely upon Mr. Lee's analysis of the CRIMES database, but rather put to present more concrete evidence by putting the underlying documents directly into evidence, and calling Mr. Kalbaugh as a witness to explain them.  That, however, would be forbidden under the terms of the Protective Order, as it restricts the use of these documents to be "only in *this proceeding*" and "solely to the litigation of *this case*".  (Protective Order, ¶¶ 1-2 (emphasis added).)  In addition, plaintiffs have now lodged bias complaints with the Portland Police Bureau and the Multnomah County District Attorney's office, which are subject to review by the police oversight agencies and a special prosecutor appointed by the District Attorney,[2] and plaintiffs anticipate that the materials will be relevant to these investigations as well.

A large body of law permits even third parties to seek modification of protective

---

[1] Plaintiffs dispute that many of these incidents went uncharged due to the policy. Rather, the point plaintiffs were trying to make is that they were dismissed on the basis of insufficient evidence *without regard to the policy*, because when defendants apply the riot statute in a constitutionally-neutral way, they recognize that direct evidence of violent conduct by the alleged perpetrator is required—not standing around and engaging in verbal conduct.

[2] *See* https://www.koin.com/news/crime/yamhill-da-to-probe-claims-of-bias-in-joey-gibson-prosecution/ (accessed 3/11/21).

orders entered in federal court for the purposes of "collateral litigation".[3]  All that is required is that "the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order". *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1132 (9th Cir. 2003).  Where, as here, it is the primary litigant that seeks modification, the case is even stronger.  *See, e.g., Cummins-Allison Corp. v. Sbm Co.,* No. 12-00207 HG-KSC, 2013 U.S. Dist. LEXIS 205297, at *5 (D. Haw. Nov. 8, 2013) ("Plaintiff is not merely a collateral litigant; it is a primary party here and in all actions deemed related to the instant case").

Here the issues are identical, and the Court and parties have invested a good deal of effort into the discovery process that it would be extraordinarily wasteful to revisit. Accordingly, this Court should modify the Protective Order to add the requested ¶ 17, allowing the Multnomah County Circuit Court control over the dispute, with any "disputes over the ultimate discoverability of specific materials covered by the protective order [to be] resolved by the collateral courts"—that is, the Multnomah County Court. *Foltz*, 331 F.3d at 1133.

---

[3] Entry of judgment does not interfere with this Court's ability to provide the requested relief.  *Pub. Citizen v. Liggett Grp., Inc.,* 858 F.2d 775, 782-83 (1st Cir. 1988) ("courts and commentators seem unanimous in finding such an inherent power to modify discovery-related protective orders, even after judgment, when circumstances justify; collecting cases).

**Conclusion**

For the foregoing reasons, this Court should modify the protective order as requested.

Dated:  March 12, 2020

/s/  James L. Buchal
James L. Buchal, OSB No. 921618
MURPHY & BUCHAL LLP

/s/ D. Angus Lee
D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
Angus Lee Law Firm, PLLC

*Attorneys for Plaintiffs*

ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jill.Schneider@doj.state.or.us

Attorneys for Defendants


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON


| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ, | Case No.  3:20-cv-01580-SB |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| v. | |
| MIKE SCHMIDT, in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,, | |
| Defendants. | |


One or more of the parties has requested the production of documents or information that

at least one party considers to be or to contain confidential information, and that are subject to

protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists

to protect the confidential nature of the information contained in documents, interrogatory

responses, responses to requests for admission, or deposition testimony.


Page 1 -    STIPULATED PROTECTIVE ORDER

This action concerns the complaint of plaintiffs that the actions of the Multnomah County District Attorney's Office violated their civil rights, sufficient to require federal court intervention in a state criminal prosecution. Among the anticipated discovery are certain subsets of criminal files of multiple persons arrested in the summer of 2020.  These files concern non-parties and contain confidential and personally identifying material.  The parties expect to exchange documents and information relating to the criminal files of non-parties, some of whom are subject to pending or continuing prosecution.

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") for the production of documents from the CRIMES data base is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall

Page 2 -    STIPULATED PROTECTIVE ORDER

designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys'
Eyes Only," if practical to do so.

4.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes
Only" or any papers containing or making reference to such materials are filed with the Court,
they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE
PROTECTIVE ORDER.

or

STIPULATED PROTECTIVE ORDER

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS'
EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON
OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH
8 OF THE PROTECTIVE ORDER.

        If a party is filing a document that it has itself designated as "Confidential" or "Attorneys'
Eyes Only," that party shall reference this Stipulated Protective Order in submitting the
documents it proposes to maintain under seal. If a non-designating party is filing a document that
another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-
designating party shall file the document under seal. If the non-designating party makes a request
in writing to have the document unsealed and designating party does not file, within ten calendar
days, a motion that shows good cause to maintain the document under seal, then the Court shall
unseal the document. Before seeking to maintain the protection of documents filed with the
Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party
or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys'
Eyes Only" any portion of the transcript that the party or witness contends discloses confidential

Page 3 -    STIPULATED PROTECTIVE ORDER

information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation but only to the extent necessary to further the interest of the parties in this litigation.

Page 4 -    STIPULATED PROTECTIVE ORDER

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an

Page 5 -    STIPULATED PROTECTIVE ORDER

appropriate motion before the Court requesting that the Court determine whether the Protective

Order covers the document in dispute. Regardless of which party files the motion, the party

seeking to protect a document from disclosure bears the burden of establishing good cause for

why the document should not be disclosed. A party who disagrees with another party's

designation must nevertheless abide by that designation until the matter is resolved by agreement

of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as

"Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the

party's right to later designate the document, testimony, or other material as "Confidential" or

"Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or

materials if that party or counsel knows or reasonably should know that a claim of confidentiality

would be made by the producing party. Promptly after receiving notice from the producing party

of a claim of confidentiality, the receiving party or its counsel shall inform the producing party

of all pertinent facts relating to the prior disclosure of the newly-designated  documents or

materials, and shall make reasonable efforts to retrieve such documents and materials and to

prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys'

Eyes Only," or failure to so designate, will not be constitute an admission that information or

documents are or are not confidential or trade secrets. Neither party may introduce into evidence

in any proceeding between the parties, other than a motion to determine whether the Protective

Order covers the information or documents in dispute, the fact that the other party designated or

failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    Upon the request of the producing party or third party, within 30 days after the entry of a

final judgment no longer subject to appeal on the merits of this case, or the execution of any

agreement between the parties to resolve amicably and settle this case, the parties and any person

authorized by this Protective Order to receive confidential information shall return to the

Page 6 -    STIPULATED PROTECTIVE ORDER

producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.    This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.     Nothing in this Productive Order shall prevent plaintiffs from utilizing materials designated as "Confidential" or "Attorneys' Eyes Only" in the related Multnomah County Circuit Court Case No. 19CR53042, or related state administrative proceedings under appropriate protective orders.  It shall be for the Multnomah County Circuit Court and such agencies to determine whether and to what extent such use shall be allowed.

/ / /

/ / /

/ / /

Page 7 -    STIPULATED PROTECTIVE ORDER

/ / /

/ / /

Page 8 -   STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1, pg. 8 of 10

17.     The restrictions on disclosure and use of confidential information shall survive the

conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion

for the purpose of enforcing the terms of this Protective Order.

So stipulated:


_____                          _____
D. Angus Lee                                              James L. Buchal
Counsel for Plaintiff                                     Counsel for Plaintiff



_____
Jill Schneider
Counsel for Defendants


The Court has reviewed the reasons offered in support of entry of this Stipulated

Protective Order and finds that there is good cause to protect the confidential nature of certain

information. Accordingly, the Court adopts the above Stipulated Protective Order in this

action.

IT IS SO ORDERED.




DATED: _____                                  _____
                                                          Karin J. Immergut




Page 9 -    STIPULATED PROTECTIVE ORDER

EXHIBIT A

I,_____ , have been advised by counsel of record for _____ of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation. I have read a copy of the protective order and agree

to abide by its terms.

Signed _____

Printed Name _____

Date _____

Page 10 -  STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1, pg. 10 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, I electronically filed the foregoing

PLAINTIFFS' MOTION MODIFY PROTECTIVE ORDER AND MEMORANDUM IN

SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system, which will

send notification of this filing to the attorneys of record and all registered participants.

*/s/  James L. Buchal*
James L. Buchal