James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:  503-227-1011
*Attorney for Plaintiff Joseph Gibson*

D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
E-mail: Angus@AngusLeeLaw.com
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Tel:  360-635-6464
*Attorney for Joseph Gibson and Russell Schultz*

THE HONORABLE KARIN J. IMMERGUT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH GIBSON and RUSSELL SCHULTZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>MIKE SCHMIDT, individually and in his official capacity as District Attorney of Multnomah County, Oregon, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, and BRAD KALBAUGH, in his official capacity as a Multnomah County Deputy District Attorney,<br><br>        Defendants. | Case No. 3:20-CV-01580-IM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER**<br><br>(Oral Argument Requested) |

Page 1   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY
        PROTECTIVE ORDER

**Argument**

To the extent that this Court wishes to declare that it lacked subject matter jurisdiction to issue the Protective Order, such that it cannot be enforced by defendants, on the teaching of defendants' case of *Giese v. Bostik, Inc.,* 2017 WL 1375628 (S.D. Cal. Apr. 14, 2017), all that plaintiffs ask is that the Court confirm this somewhat unusual position. That would leave plaintiffs free to use the materials in state court.

Clarity is important here because during the Local Rule 7.1 conferences, defendants sought a different result, stating: "Because the court does not have jurisdiction to amend the order now does not mean that the order was entered improvidently or that it should not be allowed to stand to protect the documents that were produced for a specific purpose." (Exhibit 1 hereto, at 1.) The idea that this Court has continuing power to enforce its own order, yet no power to modify it, is alien to fundamental concepts of law or justice, is contrary to all the authority cited in our opening memorandum,[1] and should be rejected.

This idea is also contrary to the Court's Protective Order itself, which declares: "Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court". (Doc. No. 49, at 7, ¶ 16.) No principle of law prevents this Court from asserting its inherent power to revise a protective order that was validly issued when entered.

---

[1] In addition to the authority cited in our opening memorandum, we note that the Ninth Circuit has also held that "[a]s long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990).
.

Page 2   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY
              PROTECTIVE ORDER

The better view is that *Giese v. Bostik, Inc.,* was wrongly decided or is to be limited to cases where the discovery at issue was erroneously permitted for purposes other than resolution of the jurisdictional issue.[2]  The case purports to follow *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 74 (1988), wherein the Court "resolved whether a nonparty witness may defend against a civil contempt adjudication by challenging the subject-matter jurisdiction of the district court". *Id.* at 74.  This case enforced the narrow rule that "if a district court does not have subject-matter jurisdiction over the underlying action, *and the process was not issued in aid of determining that jurisdiction,* then the process is void and an order of civil contempt based on refusal to honor it must be reversed".  *Id.* at 76 (emphasis added).

Here, the Court granted limited discovery in support of its efforts to determine whether to abstain from exercising jurisdiction—jurisdiction that was unquestionably and expressly conferred upon the Court by Congress in 42 U.S.C. § 1983.  Put another way, it is not that this Court lacked subject matter jurisdiction in a way that implicates the validity of the Protective Order (or continuing power to modify it); it is that this Court determined to abstain from exercising its undisputed subject matter jurisdiction.  *Cf. Bean v. Matteucci*, 986 F.3d 1128, 1132-33 (9th Cir. 2021) (making the distinction).

In short, plaintiffs cannot rely upon proposition that because this Court chose not to exercise the jurisdiction conferred by Congress, the Court's Protective Order is void.

---

[2] The opinion implies that the materials were relevant to class certification rather than subject matter jurisdiction, and the memorandum filed by the plaintiffs in that action, a true copy of which is attached hereto as Exhibit 2, flatly states:  "The PO was not issued to allow jurisdiction discovery.  It was issued for merits and certification discovery." (Exhibit 2, at 7.)

Page 3   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY
          PROTECTIVE ORDER

Plaintiffs are bound to assume, unless otherwise instructed, that it was a valid order. As such, this Court has inherent power to revise it for good cause.

Defendants do not dispute the good cause. This Court's ruling was predicated on the Court's finding that Plaintiffs could bring the same claims in state court, with "an adequate opportunity in the state proceedings to raise constitutional challenges," *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). As demonstrated in the opening memorandum (and by this Court's own rulings allowing discovery), no adequate opportunity would be present to litigate these claims without discovery allowing plaintiffs to demonstrate the extraordinary inconsistencies between defendants' implementation of the riot statute based on constitutionally-impermissible criteria. Good cause for modifying to order is plainly present in that "a substantial amount of duplicative discovery will be avoided by modifying the protective order". *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003).

## Conclusion

For the foregoing reasons, this Court should either expressly declare the Protective Order to be without further force and effect or modify it as requested.

Dated: March 17, 2021.

                                       */s/ James L. Buchal*
                                       James L. Buchal, OSB No. 921618
                                       MURPHY & BUCHAL LLP

                                       */s/ D. Angus Lee*
                                       D. Angus Lee, WSB No. 36473 (*Pro Hac Vice*)
                                       Angus Lee Law Firm, PLLC

                                       *Attorneys for Plaintiffs*

# James Buchal

| | |
|---|---|
| **From:** | Schneider Jill <Jill.Schneider@doj.state.or.us> |
| **Sent:** | Tuesday, March 9, 2021 1:00 PM |
| **To:** | James Buchal |
| **Cc:** | D. Angus Lee |
| **Subject:** | RE: Gibson v. Schmidt |

I will not enter into such a stipulation.  The protective order was entered for a federal court matter and it applies to the documents produced in that matter.  Because the court does not have jurisdiction to amend the order now does not mean that the order was entered improvidently or that it should not be allowed to stand to protect the documents that were produced for a specific purpose.

**Jill Schneider**
Oregon Department of Justice
971.222.6081

---

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Tuesday, March 9, 2021 12:49 PM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Cc:** D. Angus Lee <angus@angusleelaw.com>
**Subject:** RE: Gibson v. Schmidt

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

If you are saying that because she has ruled she had no jurisdiction, the protective order is of no continuing force and effect, perhaps we might simply memorialize that position in a stipulated state court protective order and move on.   That would certainly save two motions.

Should we do that instead?

James L. Buchal
Murphy & Buchal LLP
P.O. Box 86620
Portland, OR  97286

Cell:  503-314-6597
Phone:  503-227-1011
Fax:  503-573-1939

---

**From:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Sent:** Tuesday, March 9, 2021 12:14 PM
**To:** James Buchal <jbuchal@mbllp.com>
**Subject:** RE: Gibson v. Schmidt

I hear your argument, but it does not change my position.  The materials produced in discovery to you were produced under the protective order, which was entered in federal court and for the purpose of determining if the court had

jurisdiction. The court has ruled it does not have jurisdiction. Asking the federal court to do something in a matter that it has ruled it has no jurisdiction over is not correct procedure, and I will object.

**Jill Schneider**
Oregon Department of Justice
971.222.6081

---

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Tuesday, March 9, 2021 12:07 PM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Subject:** RE: Gibson v. Schmidt

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

What I think you are missing here is that the state court probably will not allow the use of materials that are under a federal protective order. *Cf. Jang v. Bos. Sci. Corp.,* No. EDCV 05-0426-VAP(CTx), 2006 U.S. Dist. LEXIS 103036, 2006 WL 8430761, at *2-3 (C.D. Cal. July 13, 2006) ("This court will not order production of documents that are protected from disclosure by the order of another district court.").

The federal motion is necessary to prepare the way for a second state court motion. It would not authorize use in state court; but merely decline to prohibit that use when and if an appropriate protective order is entered in state court.

I have modified paragraph 17 to make that clearer.

Does that help?

James L. Buchal
Murphy & Buchal LLP
P.O. Box 86620
Portland, OR  97286

Cell:  503-314-6597
Phone:  503-227-1011
Fax:  503-573-1939

---

**From:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Sent:** Tuesday, March 9, 2021 11:57 AM
**To:** James Buchal <jbuchal@mbllp.com>
**Cc:** D. Angus Lee <angus@anguslawlaw.com>
**Subject:** RE: Gibson v. Schmidt

Yes. The federal court does not have jurisdiction. The protective order entered was directed to the federal court and its rules. If you wish to enter into a protective order in the state criminal court, you must do so in the court where the criminal matter is pending. There are different rules in different jurisdictions.

**Jill Schneider**
Oregon Department of Justice
971.222.6081

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Tuesday, March 9, 2021 11:52 AM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Cc:** D. Angus Lee <angus@angusleelaw.com>
**Subject:** RE: Gibson v. Schmidt

**\*CAUTION EXTERNAL EMAIL\*** This email originated from outside of DOJ. Treat attachments and links with caution. **\*CAUTION EXTERNAL EMAIL\***

Returning to the subject of modifying the protective order, it seems quite clear to me that the Court can do so:

> We note that the courts and commentators seem unanimous in finding such an inherent power to modify discovery-related protective orders, even after judgment, when circumstances justify. E.g., Ex parte Uppercu, 239 U.S. 435, 440, 60 L. Ed. 368, 36 S. Ct. 140 (1915); FDIC v. Ernst & Ernst, 677 F.2d 230 232 (2d Cir. 1982); Krause v. Rhodes, 671 F.2d 212 (6th Cir.), cert. denied, 459 U.S. 823, 103 S. Ct. 54, 74 L. Ed. 2d 59 (1982); United States v. GAF Corp., 596 F.2d 10, 16 (2d Cir. 1979); American Telephone & Telegraph Co. v. Grady, 594 F.2d 594, 596-97 (7th Cir. 1978), cert. denied, 440 U.S. 971, 99 S. Ct. 1533, 59 L. Ed. 2d 787 (1979); Olympic Refining Co. v. Carter, 332 F.2d 260, 265-66 (9th Cir.), cert. denied, 379 U.S. 900, 13 L. Ed. 2d 175, 85 S. Ct. 186 (1964); Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L. Rev. 1, 41-53 (1983); Note, Nonparty Access to Discovery Materials in Federal Court, 94 Harv. L. Rev. 1085, 1091-96 (1981).

Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 782-83 (1st Cir. 1988).

So I reiterate my question: do you oppose a modification by Judge Immergut that would allow us to seek a protective order in state court to use the material there?

James L. Buchal
Murphy & Buchal LLP
P.O. Box 86620
Portland, OR  97286

Cell:  503-314-6597
Phone:  503-227-1011
Fax:  503-573-1939

**From:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Sent:** Tuesday, March 2, 2021 3:23 PM
**To:** James Buchal <jbuchal@mbllp.com>
**Cc:** D. Angus Lee <angus@angusleelaw.com>
**Subject:** RE: Gibson v. Schmidt

Procedurally, the federal court does not have jurisdiction over this matter, and cannot oversee an amendment to a protective order. Another protective order, applicable in state court, will need to be in place for matters filed in state court.

Since there is an ongoing criminal action in Multnomah County, you need to consult with the attorneys involved in that case as to the terms of any protective order.

**Jill Schneider**
Oregon Department of Justice
971.222.6081

**From:** James Buchal <jbuchal@mbllp.com>
**Sent:** Tuesday, March 2, 2021 3:18 PM
**To:** Schneider Jill <Jill.Schneider@doj.state.or.us>
**Cc:** D. Angus Lee <angus@angusleelaw.com>
**Subject:** Gibson v. Schmidt

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Dear Ms. Schneider,

Inasmuch as Judge Immergut has told us to go to state court, it appears useful to seek to amend the Protective Order to allow us to utilize the federal materials there.  Do you have any objection to amending the Protective Order to add the additional paragraph 17 proposed in the attachment?

Sincerely,

James L. Buchal
Murphy & Buchal LLP
P.O. Box 86620
Portland, OR  97286

Cell:  503-314-6597
Phone:  503-227-1011
Fax:  503-573-1939

*****CONFIDENTIALITY NOTICE*****

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

************************************

STUART M. EPPSTEINER (SBN 098973)
SME@EPPSTEINER.COM
**EPPSTEINER LAW, APC**
5519 CLAIREMONT MESA BLVD., STE. 5129
SAN DIEGO, CA 92117
TEL: 858.350.1500
FAX: 858.598.5599

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. GIESE (AS TRUSTEE OF THE LIVING TRUST OF RICHARD ERNEST GIESE DATED DECEMBER 4, 2014), PATRICK E. RUNYON AND TERRI E. RUNYON AND TERRI E. RUNYON (AS TRUSTEES OF THE PATRICK E. RUNYON AND TERRI E. RUNYON REVOCABLE TRUST DATED AUGUST 7, 2015), JOSEPH S. SHUSTER AND GEORGANNE L. SHUSTER, AND EVERARDO VIDRIO AND ZEFERINA VIDRIO, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>v.<br>BOSTIK, INC., a Delaware corporation; DAVID C. GREENBAUM CO., INC., a California Corporation; LEONARD'S CARPET SERVICE, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:15-cv-02670 JM (JLB)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: AUTHORITY OF ISSUING JUDGE, IN CASE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, TO ISSUE FURTHER RULINGS RE ENFORCEMENT OF PROTECTIVE ORDER**<br><br>Judge: Hon. Jill L. Burkhardt |

## I. INTRODUCTION

On February 17, 2017, the Honorable Jill Burkhardt issued a Minute Order (Dkt. #94), directing Plaintiffs and Defendant Bostik, Inc. ("Bostik"), to file supplemental briefs on or before February 23, 2017 analyzing "Where a judge issues a protective order in a case which is thereafter dismissed for lack of subject matter jurisdiction, does the issuing judge have authority to issue further rulings with respect to the enforcement of the protective order?" Plaintiffs submit this brief in response to the Court's referenced order.

Plaintiffs conclude that Judge Burkhardt is without authority to issue a contempt order with respect to enforcement of the Protective Order ("PO") entered in the above-captioned lawsuit (Dkt. #33). If this Court concludes it has authority to issue further rulings with respect to the enforcement of the PO, Plaintiffs have presented the proper legal basis that the Court should order: 1) that Plaintiffs may use information and material designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" in *Runyon, et. al v. Bostik, Inc., et. al.*, Case No. 5:16-cv-2413 RGK (SPx) ("*Runyon*" or "*Runyon Action*"), and 2) deny Bostik's motion re contempt.

## II. FACTS

Plaintiffs filed their S.D. Cal. Complaint on November 11, 2015 ("*Giese Action*"). (Dkt. #1). The Court entered the PO, on April 28, 2016. (Dkt. #33). On September 1, 2017, this Court dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction and entered judgment thereon. (Dkt #s 68 and 69).

Between their initial Complaint (Dkt #1), and their Second Amended Complaint (Dkt #48), Plaintiffs did not amend or alter their Complaint regarding facts or contentions that affect whether the S.D. Cal. had jurisdiction over Plaintiffs' Complaints and claims. (*See* Dkt #s 1, 29-1 and 48 (First Amended Complaint added the eighth cause of action and changed name of Plaintiffs' law firm. Second Amended Complaint added Plaintiffs, and additional facts regarding the subject product, D-70,

but did not change jurisdictional pleading or facts.[1])) (*See* also comparison of Complaint and First Amended Complaint (Dkt #27-2), and comparison of First Amended Complaint and Second Amended Complaint (Dkt #37-3)).

After dismissal of the *Giese Action*, Plaintiffs refiled their case, the *Runyon Action*, on September 7, 2016, in San Bernardino Superior Court. (Dkt. #72-3). Bostik removed the *Runyon Action* to C.D. Cal., on October 22, 2016. (Dkt. #76-2, at 5:3-4 - Declaration of Joshua Pollack ISO Bostik's Contempt Motion.)

Bostik claims Plaintiffs violated the PO after the *Giese Action* was dismissed for lack of subject matter jurisdiction. Plaintiffs assert they did not violate the PO after the *Giese Action* was dismissed. Regardless, the conduct about which Bostik complains, are acts that happened after this Court determined it lacked subject matter jurisdiction over the parties. The pending motion and ex parte application do not address the administration, or the conduct of parties or counsel while they were litigants or counsel before this Court. The matters at hand, future use of information designated confidential under the PO and content in the now sealed *Runyon* Complaint, all relate to post dismissal matters. Therefore, matters at hand all relate to conduct that happened or will happen after this Court determined it lacked subject matter jurisdiction over the parties.

### III. THE COURT CANNOT MAKE ORDERS OVER PARTIES IT DID NOT, AND DOES NOT NOW HAVE, JURISDICTION OVER

#### A. S.D. Cal. Did Not Have Subject Matter Jurisdiction Over The Giese Action

The jurisdictional facts or conclusions plead in the *Giese* Complaint never materially changed. *Supra at* 1:23-2-3. No new law, dispositive of subject matter jurisdiction was decided between the filing and dismissal of the *Giese Action*.

---

[1] Plaintiffs never plead in a *Giese Action* complaint that plaintiffs were California citizens and therefore it never plead subject matter jurisdiction. (Dkt #s 1, 29-1 and 48).

Therefore, the Court's September 1, 2017 finding that it lacks subject matter jurisdiction effectively means the S.D. Cal. never had subject matter jurisdiction over the *Giese Action*[2].

### B. A Court Cannot Issue a Contempt Order When It Lacks Subject Matter Jurisdiction

The United States Supreme Court has considered and decided that a Court which lacks subject matter jurisdiction cannot find a party over whom it does not have jurisdiction in contempt.

In *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 108 S. Ct. 2268, 2270, 101 L. Ed. 2d 69 (1988), the United States Supreme Court held that a party cannot be found in contempt of court if it is determined the District Court, which entered the contempt order, lacked subject matter jurisdiction when it entered the contempt order.

The Supreme Court found that a party, held in contempt by the District Court, and over whom it was later determined the District Court lacked subject-matter jurisdiction, could not be found in contempt by a court that lacked subject-jurisdiction over it. *Id. at* 2271.

In the present situation, the S.D. Cal. determined it did not have subject-jurisdiction over parties to the *Giese Action.* (Dkt #s 68 and 69). Therefore, just as the District Court in *US Catholic* lacked the authority to determine whether Abortion Rights Mobilization, Inc., was in contempt of its subpoena, the S.D. Cal. lacks jurisdiction to consider or find Plaintiffs in contempt of its PO.

---

[2] Of course, this could mean that the Court lacked jurisdiction to enter the PO. (The question of whether this Court had jurisdiction to enter the PO, does not have to be decided for the Court to deny Bostik's motion and is not the precise issue the Court has requested the parties address in this additional briefing. However, this can only provide additional support for the conclusion that this Court lacks the authority to now issue an order of contempt.)

1       The PO was not issued to allow jurisdiction discovery. It was issued for merits
2 and certification discovery. Further, given that this Court ruled four 4 ½ months ago,
3 that it does not have jurisdiction over the parties or this action, the motion re contempt
4 filed after lack of subject matter jurisdiction has been definitively decided. (No party
5 appealed the Court's dismissal and judgment based on lack of subject matter
6 jurisdiction.) Therefore, the limited exception, which the United States Supreme Court
7 created to its *US Catholic* holding, enforceability of discovery orders that allow
8 discovery to determine whether a court has subject matter jurisdiction, does not apply.

9       Here, as in *US Catholic*, the movant seeks an order to show cause why Plaintiffs
10 should not be found in contempt. (Dkt. #76 -1). The United States Supreme Court
11 has confirmed that District Courts lack the authority to consider civil contempt
12 motions made after it is determined that a District Court lacks subject matter-
13 jurisdiction. *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 1081, 117 L.
14 Ed. 2d 280 (1992) (contempt order "itself should fall with a showing that the court
15 was without authority to enter the decree.")

16       Here, Bostik filed a motion to have Plaintiffs and their counsel found in
17 contempt. (Dkt. #76, at 1:2-4 - Notice of *Ex Parte* Motion and *Ex Parte* Motion of
18 Bostik Inc., For Order to Show Cause Why Plaintiffs and Plaintiffs' Counsel Should
19 Not Be Held in Contempt….", and Dkt. #76-1, at 1:2-4 - Memorandum of Points and
20 Authorities in Support of Ex Parte Motion… Be Held in Contempt.") Given the two
21 United States Supreme Court holdings cited above, and the finality of this Court's
22 order dismissing the *Giese Action* for lack of subject matter jurisdiction, this Court is
23 without authority to consider Bostik's motion for order to show cause why Plaintiffs
24 and Plaintiffs' counsel should not be held in contempt.

25

26 ///

27

28 ///

# IV. IF THE COURT HAS THE POWER TO ISSUE ORDERS REGARDING ITS PROTECTIVE ORDER, IT SHOULD ALLOW THE USE OF INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER IN RUNYON.

If the Court finds it has the authority to issue further rulings with respect to the enforcement of the protective order, it should issue an order that confirms Plaintiffs' right to use information and material designated "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" in the *Runyon Action*. Plaintiffs cited to the leading authority on this point, *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135–36 (9th Cir.2003). Defendant cites to no contrary authority.

Regarding Bostik's motion re contempt, it is required to prove, among other things the following: One, that the information it claims is "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY" in the *Runyon* Complaint is trade secret or confidential. Plaintiffs proved that the Category 1, 2 and 3 information is not trade secret or confidential. (*See* Plaintiffs' Reply ISO of Ex Parte Application (Dkt #90, at 6:4-15:12)). The information was shared with third parties by Bostik itself. It is regarding properties of D-70 Bostik no longer claims D-70 has, regarding money paid for repairs between 7 and 13 years ago (which information Bostik shared with two other parties), and none of the categories of information has independent economic value. Bostik, exercising good faith, should not have designated the information in these three categories as "CONFIDENTIAL" or "CONFIDENTIAL COUNSEL'S EYES ONLY". (See Plaintiffs' Reply ISO of Ex Parte Application, Dkt. #90, at 15:13-16:15.) Two, that Bostik was harmed by the alleged violation. It glaringly failed to do so in all its filings with this Court. It did not once show it was harmed, or provide information beyond mere conclusions, which establish it has been, or would ever be, harmed by the content in Plaintiffs' *Runyon* Complaint. (*See* Plaintiffs' Reply ISO of Ex Parte Application, Dkt. #90, at 18:26-19:16.)

## V. CONCLUSION

Plaintiffs earnestly believe this Court does not have authority to issue any further rulings with respect to Bostik's motion for contempt. The United States Supreme Court has so held.

DATED: February 23, 2017

*/s/ Stuart M. Eppsteiner*
Stuart M. Eppsteiner
**EPPSTEINER LAW, APC**

*Attorneys for Plaintiffs
and the Putative Class*

6
PLAINTIFFS' SUPP BRIEF RE AUTHORITY OF ISSUING JUDGE, IN CASE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, TO ISSUE FURTHER RULINGS RE ENFORCEMENT OF PO

Exhibit 2, pg. 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/  James L. Buchal*
James L. Buchal

Page 5   PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY
         PROTECTIVE ORDER